## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE JOSEPH, SCOTT DENLEY, ANTHONY BARBATO, BRYAN WALSH, LATORIA BOSLEY, DARNELL EASON, CERRONE DANZY, WORRELL FRANCIS, LORENZO THOUSAND, EDWIN COLLAZO, JR., RICARDO CRUZ, JR., and JASON VASQUEZ, on behalf of all persons similarly situated, | Civil Case No.: 1:20-cv-05776-AT |

Plaintiffs,

v.

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Defendants.

| | |
|---|---|
| JEFFREY MERCADO, TYRONE PRINGLE, ADAM ROMAN, KEVIN KNOIS, and EDWARD KALANZ, on behalf of all persons similarly situated, | Civil Case No.: 1:20-cv-06533-AT |

Plaintiffs,

v.

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND ............................................................................................................... 4

    A.    *Joseph, et al. v. Metropolitan Transportation Authority, et al.* ............................ 4

    B.    *Mercado, et. al. v. Metropolitan Transportation Authority, et al.* .......................... 5

    C.    Procedural Posture ..................................................................................... 6

ARGUMENT ................................................................................................................... 7

I.    THE COURT SHOULD EXERCISE ITS DISCRETION TO CONSOLIDATE
    *JOSEPH* AND *MERCADO*. ..................................................................................... 7

    A.    *Mercado* and *Joseph* present common questions of law and fact......................... 8

    B.    Consolidating *Joseph* and *Mercado* Will Enhance Trial Court Efficiency
        and Save Judicial Economy. ..................................................................... 12

    C.    Consolidation is Appropriate to Avoid Conditional Certification of Two
        Identical Collective Actions and Issuance of Two Notices to the Same
        Group of Putative Opt-Ins.......................................................................... 13

    D.    Consolidation Should Be Granted Because It Will Not Prejudice Any
        Plaintiff or Member of the Putative FLSA Collective. ........................................ 15

II.    THE COURT SHOULD ORDER THE FILING OF A CONSOLIDATED
    COMPLAINT. .......................................................................................................... 17

CONCLUSION................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akins v. Worley Catastrophe Response, LLC*,
    921 F. Supp. 2d 593 (E.D. La. 2013) ...................................................................................14

*Barnett v. City of San Jose*,
    No. 18-CV-01383-JD, 2020 WL 4193323 (N.D. Cal. July 21, 2020) ...................................19

*Brown v. Jacob Transp., LLC*,
    2017 WL 7725268 (D. Nev. Sept. 28, 2017) ........................................................................15

*Brunner v. Jimmy John's, LLC*,
    No. 14 C 5509, 2016 WL 7232560 (N.D. Ill. Jan. 14, 2016) .................................................15

*Burns v. Cty. of Nassau*,
    337 F. Supp. 3d 210 (E.D.N.Y. 2018) ..................................................................................18

*Cole v. Schenley Indus., Inc.*,
    563 F.2d 35 (2d Cir. 1977) ....................................................................................................17

*Coultrip v. Pfizer, Inc.*,
    2011 WL 1219365 (S.D.N.Y. Mar. 24, 2011) .......................................................................12

*Darezzo v. 200 Ninth Rest. LLC*,
    2015 WL 195852 (S.D.N.Y. Jan. 14, 2015) ...........................................................................9

*Garber v. Randell*,
    477 F.2d 711 (2d Cir. 1973) ............................................................................................17, 18

*Hoffman v. Ighodaro*,
    16 Civ. 0155 (LAK) (JCF), 16 Civ. 4380 (LAK) (JCF), 2016 WL 5812666
    (S.D.N.Y. Sept. 28, 2016) ...............................................................................8, 10, 11, 13

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) .................................................................................................7

*Joseph, et al. v. MTA, et al.*,
    Case No. 1:20-cv-5776 (AT) (KF) ..........................................................................................1

*Katz v. Realty Equities Corp. of New York*,
    521 F.2d 1354 (2d Cir. 1975) ...............................................................................................18

*MacAlister v. Guterma*,
    263 F.2d 65 (2d Cir. 1958) ....................................................................................................17

*Manning v. Boston Med. Ctr. Corp.*,
   725 F.3d 34 (1st Cir. 2013)................................................................................19

*Mercado, et. al. v. MTA, et. al*,
   Case No. 1:20-cv-06533 (AT) (KF)..................................................................1

*Naula v. Rite Aid of New York*,
   2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010) ............................................13, 16

*Schucker v. Flowers Foods, Inc.*,
   No. 16-CV-3439 (KMK), 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017)............14

*Senne et al. v. Office of the Commissioner of Baseball, et al.*,
   No. 3:14-cv-00608-JCS, Dkt. 235 (N.D. Cal. Oct. 10, 2014).............................19

*TBC Consoles, Inc. v. Forecast Consoles, Inc.*,
   2008 WL 3919197 (S.D.N.Y. Aug. 22, 2008) ..............................................9, 10

*Varghese v. JP Morgan Chase & Co.*,
   2016 WL 4718413 (S.D.N.Y. Sept. 9, 2016).......................................9, 10, 12, 14

**STATUTES AND OTHER AUTHORITIES**

29 U.S.C. § 201 *et seq.*..........................................................................................4

29 U.S.C. § 216(b)...........................................................................................1, 13

Fed. R. Civ. P. 42(a) .................................................................................. passim

## PRELIMINARY STATEMENT

Defendants Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA") respectfully request that this Court consolidate for all purposes the related cases, *Joseph, et al. v. MTA, et al.,* Case No. 1:20-cv-5776 (AT) (KF) ("*Joseph*") and *Mercado, et. al. v. MTA, et. al,* Case No. 1:20-cv-06533 (AT) (KF) ("*Mercado*") pursuant to Federal Rule of Civil Procedure ("Rule") 42(a).  The *Joseph* and *Mercado* wage-and-hour cases brought under the Fair Labor Standards Act ("FLSA") against MTA and TBTA (collectively, "Defendants")—commenced just weeks apart in the same District—have been deemed related by this Court, and now should be consolidated because the two cases involve common questions of law and fact.  *See* Fed. R. Civ. P. 42(a)(2).  *Joseph* and *Mercado* overlap in the following significant respects:

**The Defendants are the same.**  Defendants in each action are identical.  Both *Mercado* and *Joseph* name MTA and TBTA as Defendants, and allege the same (legally insufficient) "joint employer" theory with respect to them supported by the largely same factual allegations.  (*See Joseph* First Amended Complaint ("FAC") at ¶¶ 22-36; *Mercado* Complaint ("Compl.") at ¶¶ 17-32.)

**The putative FLSA Collective plaintiffs are the same.**  Plaintiffs in both *Joseph* and *Mercado* seek to represent FLSA Collectives pursuant to 29 U.S.C. § 216(b) of nearly all Bridge and Tunnel Officers ("Officers")—*i.e.,* TBTA employees of the **same** job title and classification, represented by the **same** labor union, and subject to the **same** collective bargaining agreement; both cases allege that a putative FLSA Collective consists of approximately 500 "other similarly situated persons who were employed by Defendants as Officers during the full statute of limitations period."  (*See Joseph* FAC at ¶ 71; *Mercado* Compl. at ¶ 117.)  Failure to consolidate

the two cases and permitting Plaintiffs in each action to seek conditional certification for nearly-identical putative collective actions would result in mass confusion for putative opt-ins, and could cause a number of individuals to opt-in to one or both actions without a clear understanding of their rights.

The fact that Plaintiffs in *Mercado* now depart from their own allegations in their Complaint and assert they do not wish to represent a handful of Officers who serve on the Union Executive Board (out of approximately 500 putative members of the FLSA Collective), who comprise half of the Named Plaintiffs in *Joseph*, is of no moment.  While, on the one hand, the *Mercado* Plaintiffs assert that the Board Members are not "similarly situated" to the other hundreds of Officers who predominantly perform "law enforcement" duties (*see* Dkt. No. 32 at 2, n.2), the *Mercado* Plaintiffs concede, on the other hand, that the "Court could potentially craft orders appropriately throughout the litigation" to deal with this issue.  (*See* Dkt. No. 38 at 3.)  To be sure, the efficiencies gained from one notice to a putative FLSA Collective comprising both related, consolidated actions far outweigh the confusion, redundancies and potential prejudice that would inure if both cases proceed on separate parallel tracks.

***The claims are substantially the same.***  Both *Joseph* and *Mercado* are based on the same predicate facts and are grounded in the same overarching legal theories:  Officers were paid at an allegedly incorrect overtime rate, and were purportedly paid overtime late in violation of the FLSA.  (*See Joseph* FAC at ¶¶ 74-92; *Mercado* Compl. at ¶¶ 145-63.)  The minor differences in the Complaints are that the *Mercado* Plaintiffs chose to plead two additional wage-and-hour violations related to TBTA's timekeeping policy and off-the-clock work the Officers allegedly performed. (*See Mercado* Compl. at ¶¶ 120-44.)  However, the *Mercado* Plaintiffs allege that these FLSA violations occurred pursuant to "uniform" policies and practices applicable to all

2

Officers—which would include the plaintiffs and putative FLSA Collective members in *Joseph* as well.  (*See Mercado* Compl. at ¶¶ 124, 135, 136.)  In any event, it is well-settled in this Circuit that cases need not be identical to be consolidated; the significant factual and legal overlap regarding the claims that ***are*** identical compel consolidation in the interests of judicial efficiency and conservation of resources.

   ***Discovery will substantially overlap***.  Since both cases are predicated on largely the same set of facts and legal theories and are raised on behalf of the same group of putative FLSA Collective members, the witnesses and documentary evidence will be largely the same. Significantly, any of Defendants' witnesses who are deposed in one matter will likely possess relevant information in the other.

   ***Consolidation will not prejudice any party, as all Officers' interests will be represented.*** Defendants could have moved to dismiss *Mercado* pursuant to the "first-filed rule," but instead moved to consolidate, which is consistent with what most, if not all, courts in this Circuit have done in similar circumstances.  Consolidation is preferable because it will avoid prejudicing the Officers who opted in to *Mercado*.

   Should the Court consolidate these two cases, Defendants move for an order requiring Plaintiffs to file a consolidated complaint so that pre-trial discovery and motion practice can be streamlined and not duplicated.  In contrast to the *Mercado* Plaintiffs' bald claim that "courts may *not* order the filing of a consolidated complaint," (*see* Dkt. No. 38 at 2), courts routinely order plaintiffs in related, consolidated wage-and-hour cases to file consolidated complaints. The same result should apply here as to the two "copycat" filings, given the vastly overarching similarities in the complaints, including at least sixty four paragraphs that if not completely identical—which many are—are substantively the same.

Therefore, for these reasons and those explained below, in order to eliminate wasteful duplication of resources, enhance trial court efficiency, avoid unnecessary costs and delay to the Court and to the parties, *Joseph* and *Mercado* should be consolidated for all purposes.

## BACKGROUND

### A.   *Joseph, et al. v. Metropolitan Transportation Authority, et al.*

On July 24, 2020, Plaintiffs Wayne Joseph, Scott Denley, Anthony Barbato, Bryan Welsh, Latoria Bosley, and Darnell Eason,[1] represented by counsel at Pitta LLP, commenced an action against Defendants alleging violations of the FLSA, 29 U.S.C. § 201 *et seq.*, on behalf of themselves and other purportedly similarly-situated Officers.  (*See Joseph* FAC at ¶ 1.)  A First Amended Complaint was filed on September 1, 2020, which was nearly-identical to the Original Complaint, except six (6) additional Named Plaintiffs were added to the pleading and the caption:  Cerrone Danzy, Worrell Francis, Lorenzo Thousand, Edwin Collazo, Jr., Ricardo Cruz, Jr., and Jason Vasquez.[2]  (*See Joseph* FAC at ¶¶ 16-21.)

The *Joseph* FAC alleges two FLSA counts on behalf of a putative FLSA Collective comprised of approximately 500 Officers employed by TBTA over the relevant time period.  (*See Joseph* FAC at ¶¶ 67-73.)  The first count alleges Defendants violated the FLSA by calculating the regular rate of pay incorrectly for purposes of paying overtime compensation by excluding certain lump sum payments pursuant to a "uniform policy and practice" applicable to all Officers.  (*Id.* at ¶¶ 74-83.)  The second count alleges Defendants violated the FLSA by

---

[1]     Upon information and belief, the named plaintiffs in the *Joseph* Original Complaint are Officers who are current members of the Bridge and Tunnel Officers Benevolent Association ("Union") Executive Board.  *See* www.btoba.org.

[2]     Upon information and belief, the additional named plaintiffs added to the *Joseph* FAC are Officers who are ***not*** members of the Union Executive Board.  *See id.*

failing to timely pay overtime compensation pursuant to a "uniform policy and practice of paying overtime wages two pay periods – four to six weeks – after the work was performed."  (*Id.* at ¶¶ 84-92.)

     **B.**     ***Mercado, et. al. v. Metropolitan Transportation Authority, et al.***

The five (5) *Mercado* Plaintiffs, also TBTA Officers but represented by counsel at Tilton Beldner, LLP and Faruqi & Faruqi, LLP, filed their Complaint almost one month later, on August 17, 2020.  (*See generally Mercado* Compl.)  Like in *Joseph,* the *Mercado* Plaintiffs also allege the same two FLSA counts on behalf of a putative FLSA Collective comprised of approximately 500 Officers employed by TBTA over the relevant time period.  (*Mercado* Compl. at ¶¶ 112-19.)  Just as in *Joseph*, one count alleges that Officers were paid at the incorrect regular rate of pay for overtime purposes due to an alleged "uniform policy and practice" of excluding certain differentials, bonuses and lump sum payments from the calculation of Officers' regular rates of pay.  (*Id.* at ¶ 150.)  Again, just as in *Joseph,* another count alleges that Officers were paid "overtime wages two pay periods – four to six weeks – after the work was performed" pursuant to a purportedly "uniform policy and practice" allegedly in violation of the FLSA.  (*Id.* at ¶ 160.)  The *Mercado* Complaint alleges two additional violations under the FLSA on behalf of Plaintiffs and the putative FLSA Collective:  alleged failure to compensate Officers for pre- and post-shift work, and an allegedly unlawful "automatic time-rounding" practice.  (*Id.* at ¶¶ 120-44.)  To date, four-hundred and eight (408) Officers (in addition to the five (5) *Mercado* Plaintiffs) have filed consent to join forms to opt in to the putative FLSA Collective in *Mercado*.  (*Mercado* Dkt. 7, 11, 12, 13, 19, 20, 23, 25, 26, 27, 28, 29, 30, 34, 37, 41, 42 43, 44, 45, 47, 48, 49, 50, 52, 53, 54.)

### C.    Procedural Posture

*Joseph* and *Mercado* were deemed "related" by this Court on August 26, 2020.  In accordance with the Court's Individual Rules, Defendants filed a pre-motion letter to consolidate the actions on August 27, 2020.  (*Joseph* Dkt. 12, *Mercado* Dkt. 24.)  Plaintiffs in both actions each filed pre-motion letters opposing Defendants' request to consolidate the cases on September 3, 2020.  (*Joseph* Dkt. 25; *Mercado* Dkt. 38.).  On September 4, 2020, the Court set a briefing schedule for the consolidation motion.  (*Joseph* Dkt. 26; *Mercado* Dkt. 39.).

An initial conference has been scheduled in *Joseph*, the first-filed action, for November 23, 2020.  (*Joseph* Dkt. 9.)  To date, no discovery or scheduling orders have been ordered in either case.  The Court granted Defendants' request to adjourn their deadlines to answer, move or otherwise respond to the *Joseph* and *Mercado* pleadings, respectively, until resolution of the pending motion to consolidate.  (*Joseph* Dkt. 26, *Mercado* Dkt. 39.)

No collective action has been certified in either case.  On September 2, 2020, the *Mercado* Plaintiffs filed a motion to conditionally certify a collective under the FLSA of all Officers employed by Defendants during the relevant time period, excluding any Officers serving as Union Executive Board Members.[3]  (*Mercado* Dkt. 32 at 3.)  Such proposed FLSA Collective in *Mercado* would include some of the Named Plaintiffs in *Joseph,* and all of the

---

[3]    The *Mercado* Plaintiffs filed the motion for conditional certification on September 2, 2020, which the Court denied the following day without prejudice because the *Mercado* Plaintiffs failed to comply with Rule III(A) of the Court's Individual Practices in Civil Cases.  (*Mercado* Dkt. 31-35.)  On September 3, 2020, the *Mercado* Plaintiffs submitted a pre-motion letter seeking leave to move for conditional certification pursuant to the Court's Individual Practices.  (*Mercado* Dkt. 36.)  The following day, on September 4, 2020, before Defendants had the opportunity to respond to the *Mercado* Plaintiffs' pre-motion letter, the Court set a briefing schedule for the motion for conditional certification.  (*See Mercado* Dkt. 40.)

potential collective members *Joseph* seeks to represent.  Defendants' deadline to oppose the motion is October 2, 2020, and Plaintiffs' reply is due October 16, 2020.  (*Mercado* Dkt. 40.)

On September 14, 2020, the *Joseph* Plaintiffs filed a letter seeking leave to file a motion for conditional certification of a putative FLSA Collective comprised of all Officers employed by TBTA during the relevant time period—*i.e.,* the **same** putative FLSA Collective the *Mercado* Plaintiffs also seek to conditionally certify.  (*Joseph* Dkt. 27.)  Defendants responded the following day, requesting that the Court deny the *Joseph* Plaintiffs' request to move for conditional certification because the motion is premature in advance of the Court's resolution of the pending consolidation motion.  (*Joseph* Dkt. 28.)  Defendants also requested that the Court adjourn the briefing schedule for the *Mercado* Plaintiffs' motion for conditional certification for the same reasons.  (*Mercado* Dkt. 51.)  The parties' requests remain pending before the Court.

## ARGUMENT

### I.   THE COURT SHOULD EXERCISE ITS DISCRETION TO CONSOLIDATE *JOSEPH* AND *MERCADO*.

Courts have broad discretion to consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay."); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1285.  "However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* (internal citations omitted.)  Strong practical and policy-based reasons favor consolidating related actions into one for coordinated proceedings, such as when

7

consolidation promotes judicial efficiency, eliminates redundancy, and conserves the parties' and the Court's resources.  For the reasons below, consolidation is particularly appropriate for wage-and-hour cases that allege the same violations of the FLSA on behalf of the same plaintiffs against the same defendants, as here.

### A.   *Mercado* and *Joseph* present common questions of law and fact.[4]

When deciding whether consolidation is appropriate under Rule 42(a), the key inquiry is whether common issues of law or fact exist.  *See* Fed. R. Civ. P. 42(a).  It is well-settled that "[c]onsolidation is favored where the same class of plaintiffs asserts the same claims and allegations against the same defendants."  *Hoffman v. Ighodaro*, 16 Civ. 0155 (LAK) (JCF), 16 Civ. 4380 (LAK) (JCF), 2016 WL 5812666 (S.D.N.Y. Sept. 28, 2016) (consolidating cases brought by the same class of plaintiffs who asserted claims for unpaid overtime and an improperly-calculated regular rate of pay for overtime purposes against the same defendants).

The common issues of law ***and*** fact between *Mercado* and *Joseph* are manifold.  The cases involve plaintiffs of the same job title—Officers employed by TBTA—who are represented by the same labor union, covered by the same collective bargaining agreement, alleging substantially-similar FLSA violations pursuant to allegedly overarching common policies and practices allegedly applicable to all Officers, against the same defendants.  (*Joseph* FAC at ¶¶ 1-5, 10-36, 67-92; *Mercado* Compl. at ¶¶ 1-7, 12-32, 112-19, 145-63.)  Indeed, Plaintiffs in both actions seek similar (and in many instances identical) relief for alleged

---

[4]     By pointing out the common questions of law and fact alleged in *Joseph* and *Mercado*, respectively, Defendants are not conceding that Plaintiffs are "similarly situated" for purposes of collective-action treatment under the FLSA or that either case, or a consolidated action, is suitable for collective-wide treatment.  Instead, as discussed above, consolidation is appropriate because the same class of plaintiffs assert the same claims and allegations against the same defendants; the standard is ***not*** whether plaintiffs are "similarly situated" to each other to be treated as a collective under the FLSA.

violations under the FLSA; namely, unpaid overtime and liquidated damages for delay of overtime payments.  (*See Joseph* FAC at ¶¶ 83-103; *Mercado* Compl. at ¶¶ 145-154.)

The *Mercado* Plaintiffs' assertion that consolidation is improper because some of the *Joseph* Plaintiffs are Union Executive Board Members, who they claim are exempt from FLSA overtime because they purportedly perform "fundamentally different job duties" and have different "compensation structure[s]" than other Officers does not change this result.  (*Mercado* Dkt. 38 at 2-3; *see also Joseph* FAC at ¶¶ 10-15.)  The *Mercado* Plaintiffs ignore that all of the remaining named plaintiffs in *Joseph* are ***not*** Union Executive Board Members, and the *Joseph* Plaintiffs seek to represent a putative FLSA Collective of the same group of all of the approximately 500 Officers—not just the Union Executive Board Members—which the *Mercado* Plaintiffs ***also*** seek to represent.  (*Joseph* FAC at ¶¶ 16-23, 67-73; *Mercado* Compl. at ¶¶ 112-19.)  Thus, there remains ***complete*** overlap of plaintiffs, defendants and claims—even taking the *Mercado* Plaintiffs' argument at face-value and putting aside the few *Joseph* Plaintiffs who serve on the Union Executive Board, since both cases seek to represent the ***same*** collective.

Further, individual defenses that Defendants may have as to certain claims or against certain Plaintiffs—while potentially significant for certification of the FLSA Collective after discovery has been completed—should not militate against consolidation at this early stage because "[c]onsolidation does not require an ***exact identity*** of issues and fact between matters." *Varghese v. JP Morgan Chase & Co.,* 2016 WL 4718413, at *4 (S.D.N.Y. Sept. 9, 2016) (emphasis added); *Darezzo v. 200 Ninth Rest. LLC,* 2015 WL 195852, at *3 (S.D.N.Y. Jan. 14, 2015) ("[The plaintiff's] argument seems to imply, incorrectly, that consolidation is merited only where the actions are literally identical."); *TBC Consoles, Inc. v. Forecast Consoles, Inc.*, 2008

WL 3919197, at *1 (S.D.N.Y. Aug. 22, 2008) ("That the two actions do not involve identical claims ... or parties does not preclude consolidation.").

*Varghese v. J.P. Morgan Chase and Co.* is particularly instructive.  In that case, an assistant manager at a Chase bank branch filed a claim for unpaid overtime, claiming he was misclassified as exempt under a nationwide bank policy.  *Id.* at *4.  In a later-filed putative collective action, other assistant Chase bank branch managers throughout the nation alleged identical claims for unpaid overtime pursuant to a common policy that was applied across all Chase banks.  *Id.*  The Court consolidated the cases, despite evidence that the *Varghese* named plaintiff purportedly performed many managerial tasks putative collective members in the later-filed action allegedly did not, and in certain cases was paid twice as much as the putative collective members.  *Id.* at *3.  The Court did not find that the individual defenses available to Chase in regards to the *Varghese* plaintiff outweighed the efficiencies gained by consolidating the cases.  *Id.  See also Hoffman v. Ighodaro,* 2016 WL 5812666, at *2-4 (S.D.N.Y. Sept. 28, 2016) (consolidation of two wage-and-hour class and collective actions was appropriate, even though defendants had different defenses in each case, and different plaintiffs worked at different properties at different times).

The same result should apply here.  Indeed, as the *Mercado* Plaintiffs concede in their pre-motion letter to the Court, "the Court could potentially craft orders appropriately throughout the litigation" to deal with the alleged dissimilarities between certain of the *Joseph* Plaintiffs, on the one hand, and the other *Joseph* Plaintiffs and the *Mercado* Plaintiffs, on the other hand, "such as granting collective action certification in *Mercado* for the 96% of the putative class and excluding [certain of] the *Joseph* Plaintiffs therefrom because they are not similarly situated to the rest." (*Mercado* Dkt. 38 at 3.)  Without conceding collective-wide treatment is appropriate in

*either* case for *any* group of employees, Defendants note that the *Mercado* Plaintiffs offer an entirely sensible solution to the strawman concern they raise; their meager attempt to strike down this concern in conclusory fashion by stating that "the differences between the two cases may result in a substantial amount of confusion or prejudice that override any concerns about judicial economy" is unpersuasive.  (*Id.* at 4.)  To the contrary, the confusion that would arise if the Court permitted two separate FLSA actions to proceed concurrently, concerning the same putative collective, over predominantly the same FLSA claims, before the same judge, would demonstrably outweigh any issues that flow from dealing separately (if the Court finds such an outcome is warranted) with a few individual Union Executive Board members regarding their claims while the overwhelming majority of putative collective members are addressed together. *See, e.g., Hoffman,* 2016 WL 5812666, at *3 (consolidating cases and rejecting claim that different defenses would "confuse the jury," noting that such risks could be "reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff") (internal citations omitted).

Likewise, the *Joseph* Plaintiffs argue that consolidation is inappropriate "because of the difference between the claims alleged in each case and the substantially different discovery that will be required in each case," noting that *Mercado* alleges two additional claims than what is pled in *Joseph*.  (*Joseph* Dkt. 25 at 2.)  However, the fact that **additional** discovery might be warranted for the two additional FLSA claims in *Mercado*[5] does not detract from the vast overlap between the two cases or the fact that **all** of the *Joseph* claims are alleged in *Mercado*.

---

[5]     It bears mentioning that the Complaint in *Mercado* alleges that the two additional FLSA claims not present in *Joseph* are the product of "uniform polic[ies] and practice[s]" applicable to all Officers, potentially also including the *Joseph* Plaintiffs and potential members of the putative FLSA Collective in *Joseph*.  (*See Mercado* Compl. at ¶¶ 124, 136-38.)

And it is undisputed that there will be overlapping discovery between the two cases and the Court will be tasked with resolving identical claims.  The two additional claims in *Mercado* are dwarfed by the significant overlapping issues and claims in both cases, and present no obstacle to consolidating the cases since the FLSA Collective the *Joseph* Plaintiffs seek to represent could theoretically assert the additional claims alleged in *Mercado*.  *See, e.g., Coultrip v. Pfizer, Inc.*, 2011 WL 1219365 (S.D.N.Y. Mar. 24, 2011) (consolidating three wage and hour actions that alleged overlapping FLSA claims, despite different state-law claims alleged in each action.).

In sum, there can be no legitimate dispute that both cases contain common issues of fact and law, and the fact that Defendants may have different defenses to certain of the claims alleged by some of the *Joseph* Plaintiffs than others, or that two additional wage-and-hour claims are asserted in *Mercado* that are absent in *Joseph* do not preclude the Court from consolidating the cases for all purposes.

### B.  Consolidating *Joseph* and *Mercado* Will Enhance Trial Court Efficiency and Save Judicial Economy.

When deciding whether consolidation is appropriate, important considerations are judicial economy, conservation of the parties' resources and avoiding duplication.  *See, e.g., Varghese*, 2016 WL 4718413, at *3 (consolidation involves weighing considerations of "convenience, judicial economy, and cost reduction while ensuring that the paramount concern for a fair and impartial trial…") (internal citations omitted).  Consolidation will benefit the parties here because they will be spared from wastefully engaging in duplicative discovery and motion practice that would result from litigating parallel matters.  If *Joseph* and *Mercado* are not consolidated, Defendants would be forced to embark on the unduly burdensome process of duplicating efforts regarding answering largely the same allegations in both complaints and/or moving to dismiss one or both complaints, responding to parallel motions for conditional

certification and court-authorized notice of the ***same*** putative FLSA Collective in both cases, and negotiating pre-trial discovery schedules, confidentiality agreements, and discovery protocols for both actions.[6]  Similarly, Defendants will have to respond to duplicative discovery in each matter and Defendants' witnesses may be needlessly forced to appear for redundant depositions.

Separate pre-trial motions and/or trials for the ***same*** legal issues concerning the ***same*** groups of employees would obviously be inefficient and could result in different rulings. Separate litigation would expend greater judicial resources because the Court would be tasked with adjudicating two complex collective actions instead of one consolidated action.  *See, e.g., Naula v. Rite Aid of New York*, 2010 WL 2399364, at *5 (S.D.N.Y. Mar. 23, 2010) ("[c]onsolidation ... [will] avoid[ ] duplication of judicial effort and vexatious litigation in multiple forums, achiev[e] comprehensive disposition of this litigation, and eliminat[e] the risk of inconsistent judgments"); *Hoffman v. Ighodaro,* 2016 WL 5812666, at *2-4 (S.D.N.Y. Sept. 28, 2016) (consolidation will "eliminate unnecessary repetition and reduce costs for all parties; additionally, it will avoid the possibility of inconsistent rulings") (internal citations omitted).

### C.    Consolidation is Appropriate to Avoid Conditional Certification of Two Identical Collective Actions and Issuance of Two Notices to the Same Group of Putative Opt-Ins.

Defendants do not concede that either case is suitable for collective treatment under 29 U.S.C. § 216(b).  Nonetheless, if the Court grants the pending (and impending) motions for conditional certification of the ***same*** putative FLSA Collective in *Joseph* and *Mercado*,

---

[6]    The *Mercado* Plaintiffs note in their pre-motion letter that if consolidation is ordered, they will seek leave to file a motion to appoint their counsel as "General Counsel" for the consolidated cases.  (*See Mercado* Dkt. 38 at 4.)  Defendants agree that "General Counsel" should be appointed for the consolidated cases for efficiency purposes and to streamline the proceedings, as reflected in Defendants' accompanying Proposed Order, but are agnostic as to which counsel is appointed, and leave that determination to the Court.

respectively, consolidation is principally warranted here to avoid the untenable result of the Court concurrently authorizing the sending of multiple notices for two competing collective actions to the same group of putative opt-ins for the same claims.  Such an undesirable outcome will unnecessarily result if the cases are not consolidated, as Plaintiffs in both actions concurrently seek to conditionally certify the same putative FLSA Collective, thereby creating mass confusion among the putative opt-ins regarding their rights in each case. Many plaintiffs likely will opt-in to both cases, which could create significant challenges to identifying collective members in each case, litigating both cases, and potentially resolving the disputes.

Courts have recognized that it is inappropriate to concurrently send competing certification notices that concern the same claims to the same putative collective members, and courts have exercised their discretion to avoid doing so, noting "no purpose would be served by allowing two collective actions based on the same claims to proceed concurrently."  *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 600 (E.D. La. 2013).  *See also Schucker v. Flowers Foods, Inc.,* No. 16-CV-3439 (KMK), 2017 WL 3668847, at *6 (S.D.N.Y. Aug. 24, 2017) (denying motion for conditional certification of second action because "no purpose would be served by allowing the FLSA claims to proceed as a collective action considering the concurrent cases and the attendant increased expense for Defendants, the risk of confusing potential collective members about their legal options, the possibility of inconsistent rulings, and the waste of judicial resources").

In *Varghese*, for instance, plaintiffs in both actions filed conditional certification motions to send notice to the same putative collective; plaintiffs in the first case filed the motion on October 5, 2015, and plaintiffs in the second case filed the motion on December 22, 2015.  2016 WL 4718413, at *2.  While the motions were pending, the Court *sua sponte* consolidated the

cases for all purposes, recognizing the efficiencies that would be achieved by doing so, and granted conditional certification and authorized the dissemination of *one* notice for the consolidated case. *Id.* at * 3-5. *See also Brown v. Jacob Transp., LLC*, 2017 WL 7725268, at *4 (D. Nev. Sept. 28, 2017) (denying conditional certification in second-filed action that alleged similar FLSA claims to an earlier filed action, consolidating the claims *sua sponte* and requiring all future filings to be made under consolidated action in the interest of judicial economy); *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *1-2 (N.D. Ill. Jan. 14, 2016) (ordering cases alleging the same wage-and-hour claims in regards to the same putative collective consolidated to avoid sending conflicting certification notices to potential plaintiffs, and requiring plaintiffs to "harmonize the notice" proposed in each case).

Thus, the Court should consolidate *Joseph* and *Mercado* before considering the pending (and impending) motions for conditional certification under the FLSA and before potentially authorizing notice to any putative FLSA Collective opt-in members in *Joseph* and *Mercado*, respectively. Then, once the cases are consolidated, provide Plaintiffs with additional time to submit (or resubmit) a motion for conditional certification of the FLSA Collective in the consolidated cases, and authorize issuance of only one notice to putative opt-ins. Once the scope of the case is better defined post-consolidation, the additional time will enhance efficiencies by enabling the parties to meet and confer regarding conditional certification of the putative FLSA Collective, including the scope thereof, as well as the form and methodology of notice, if necessary, thereby conserving resources by potentially avoiding unnecessary motion practice.

### D.    Consolidation Should Be Granted Because It Will Not Prejudice Any Plaintiff or Member of the Putative FLSA Collective.

At this early stage in the litigations, these cases are ripe for consolidation. Because the actions have only just been commenced, none of the parties will be prejudiced by consolidating

the actions, as responsive pleadings to the complaints have not even been filed yet, and no discovery has been taken.  As noted, the *Mercado* Plaintiffs moved for conditional certification of a putative FLSA Collective shortly after Defendants moved to consolidate, and the *Joseph* Plaintiffs sought leave to move for conditional certification of the same putative FLSA Collective last week.  (*Mercado* Dkt. 31-35; *Joseph* Dkt. 27.)  As explained in Section I.C., *supra,* however, consolidation should be resolved prior to conditional collective-action certification under the FLSA.  While Plaintiffs in both actions have urged that a delay in resolving the conditional certification motions would result in "loss of a right," due to the running of the statute of limitations as to each putative opt-in's FLSA claims, this assertion is vastly overstated.  (*See Joseph* Dkt. 27 at 2; *Mercado* Dkt. 32 at 2.)  Defendants and the *Mercado* Plaintiffs are discussing potentially entering into a tolling agreement as to the putative collective members' FLSA claims.  If the parties reach agreement regarding the terms of such an agreement, then no putative opt-in who has yet to join either case would be prejudiced if consolidation is resolved before conditional certification.

Moreover, although Defendants could have moved to dismiss *Mercado* under the so-called "first-filed rule," Defendants have instead moved to consolidate the actions for all purposes to ensure that no Officer is prejudiced or potentially unrepresented.  Indeed, by consolidating the actions, named plaintiffs that hold the same job titles and perform the same job duties as any putative collective member are available to represent the interests of any potential opt-in plaintiff in the consolidated action.  *See, e.g., Naula v. Rite Aid of New York*, 2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010) (consolidating cases with common questions of law and fact instead of dismissing second-filed action under the first-filed rule because first action only named managers, not assistant managers, as plaintiffs, and there was concern assistant manager

opt-ins might be prejudiced if second action that named assistant manager plaintiffs was dismissed).  Since there is no resulting prejudice to Plaintiffs, consolidation is warranted to preserve judicial economy, costs, and resources.

## II.   THE COURT SHOULD ORDER THE FILING OF A CONSOLIDATED COMPLAINT.

The substantially-similar facts and legal theories pled in each action also warrant consolidating the complaints in the interest of judicial economy and to streamline the proceedings.  Defendants should not be forced to answer identical allegations concerning the same putative collective multiple times.

The *Mercado* Plaintiffs baldly claim that courts in this Circuit may **never** order the filing of a consolidated complaint (*see Mercado* Dkt. 38 at 2), relying primarily upon *MacAlister v. Guterma,* 263 F.2d 65, 67 (2d Cir. 1958).[7]  No such *per se* rule exists.  In *MacAlister*, while the Second Circuit declined to order the filing of a consolidated complaint and merge related actions together, the Court specifically noted that "[w]e do not attempt here to prescribe a rule of universal application to orders granting or denying consolidation."  *Id.*  Subsequently, in *Garber v. Randell,* 477 F.2d 711, 717 n.4 (2d Cir. 1973), even though the Second Circuit again declined to order the filing of a consolidated complaint, the Court cautioned that its decision "should not be construed as implying that under no circumstances would an order directing the filing of a consolidated complaint be proper."  Indeed, the Court explained that "[t]here may be

---

[7]   The *Mercado* Plaintiffs' reliance on *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) is misplaced.  (*Mercado* Dkt. 38 at 4, n. 1.)  *Cole* concerned an appellate question regarding jurisdiction, not consolidation.  *Id.*  While noting that consolidation was proper, the Court nevertheless stated that consolidation did not merge the actions for purposes of evaluating the threshold inquiry of jurisdiction, and the jurisdiction of each of the five merged actions would need to be evaluated separately on appeal.  *Id.*  Thus, *Cole* is inapposite, and does not foreclose the Court from ordering a consolidated complaint here.

circumstances, e.g., the existence of substantially complete identity between the claims and defenses in all actions, where a consolidated complaint would be appropriate." *Id.*

In fact, just two years later, in *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1360 (2d Cir. 1975), the Court directly addressed and considered both *MacAlister* and *Garber* before affirming the lower court's order requiring the filing of a single consolidated complaint.  The lower court consolidated 16 separate actions related to the allegedly fraudulent transactions of an insurance company, noting that "each case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties." *Id.*  After conducting a detailed analysis of the benefits and drawbacks of ordering a consolidated complaint, the Court held that unlike in *Garber,* the filing of a consolidated complaint would not prejudice the appellants, and any prejudice could be corrected by the district court prior to trial. *Id.*  Therefore, the Court upheld the lower court's order requiring the filing of a consolidated complaint. *Id.*

There are numerous examples where courts have ordered the filing of consolidated complaints in wage-and-hour cases.  For instance, in *Burns v. Cty. of Nassau*, 337 F. Supp. 3d 210, 212 (E.D.N.Y. 2018), plaintiff corrections officers in two actions against the County of Nassau and county executives alleged that defendants failed to pay overtime compensation at the same time as regularly-scheduled wage payments in violation of the FLSA. *Id.*  The court declined to dismiss the second-filed action under the first-filed rule due to the prejudice that would inure to the more than one hundred (100) opt-in plaintiffs who filed consent to join forms in the second case, but consolidated the cases and ordered the filing of a consolidated complaint incorporating the claims in the first-filed action and the second-filed action. *Id.* at *216.  *See*

18

*also Manning v. Boston Med. Ctr. Corp.,* 725 F.3d 34, 39 (1st Cir. 2013) (affirming lower court's directive that plaintiffs file a single consolidated complaint combining FLSA and state wage-and-hour law claims); *Barnett v. City of San Jose*, No. 18-CV-01383-JD, 2020 WL 4193323, at *1 (N.D. Cal. July 21, 2020) (directing plaintiffs to file a consolidated complaint in wage-and-hour action); *Senne et al. v. Office of the Commissioner of Baseball, et al.*, No. 3:14-cv-00608-JCS, Dkt. 235 (N.D. Cal. Oct. 10, 2014) (consolidating cases alleging FLSA and state wage-and-hour claims for all purposes and ordering the filing of a consolidated complaint).

Here, the filing of a consolidated complaint by including the overlapping claims asserted in *Joseph* and *Mercado*, respectively, as well as the two additional claims in *Mercado* (which allege a "uniform" policy implemented by Defendants allegedly applicable to all Officers) will significantly streamline proceedings and facilitate the docket's administration and management. This decision will not prejudice any plaintiff in either case because all claims will continue to be litigated against Defendants, just in a more-efficient proceeding with one operative pleading. Importantly, Defendants will then answer, move, or otherwise respond to ***one*** consolidated complaint, preventing the delay that would result if Defendants file a dispositive pre-answer motion to dismiss one complaint but not the other, as the *Mercado* Plaintiffs recognize may occur here if the complaints are not consolidated.  (*See* Dkt. 38 at 2-3.)  Answering one complaint but moving to dismiss the other would either stall discovery from proceeding in both actions (if discovery is consolidated, which it should be), or result in discovery progressing on separate tracks, eviscerating the efficiencies that should have been achieved by consolidating the actions.

## **CONCLUSION**

For these reasons, the Court should consolidate *Joseph* and *Mercado* for all purposes and

order the filing of a consolidated complaint pursuant to Federal Rule of Civil Procedure 42(a).

Respectfully Submitted,

Dated: New York, New York
September 21, 2020

PROSKAUER ROSE, LLP
/s/ *Steven D. Hurd*
Steven D. Hurd
Joshua S. Fox
Eleven Times Square
New York, New York 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
shurd@proskauer.com
jfox@proskauer.com

*Attorneys for Defendants*
*Metropolitan Transportation Authority and*
*Triborough Bridge and Tunnel Authority*