UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY MERCADO, TYRONE PRINGLE, ADAM ROMAN, KEVIN KNOIS, and EDWARD KALANZ, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>　　　　　　　　Defendants. | Civil Case No.: 1:20-cv-06533 (AT) [rel 20-cv-05776]<br><br>**DEFENDANTS METROPOLITAN TRANSPORTATION AUTHORITY AND TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION** |

## TABLE OF CONTENTS

                                                                                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY ..................................................................................................... 2

       A.       *Joseph et al. v. Metropolitan Transportation Authority et al.* ("*Joseph*") ................ 2

       B.       *Mercado et al. v. Metropolitan Transportation Authority et al.* ("*Mercado*") ................................................................................................................ 3

       C.       Procedural Posture ................................................................................................. 4

ARGUMENT ............................................................................................................................ 6

I.       DEFENDANTS DO NOT OPPOSE CONDITIONAL CERTIFICATION AND THE ISSUANCE OF NOTICE TO PUTATIVE FLSA COLLECTIVE MEMBERS, BUT HAVE CONCERNS ABOUT THE COURT ISSUING DUPLICATIVE NOTICES TO THE SAME PUTATIVE FLSA COLLECTIVES IN MERCADO AND JOSEPH, RESPECTIVELY. ............................................................ 6

II.     PLAINTIFFS' PROPOSED NOTICES ARE INACCURATE AND/OR MISLEADING AND SHOULD BE REVISED. ............................................................ 8

III.    NOTICES SHOULD BE DISSEMINATED VIA FIRST-CLASS MAIL AND E-MAIL ONLY. ............................................................................................................. 12

IV.   NOTICE TO POTENTIAL OPT-IN MEMBERS SHOULD BE HANDLED BY A NEUTRAL THIRD-PARTY—NOT PLAINTIFFS' COUNSEL. ............................. 15

CONCLUSION ....................................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brunner v. Jimmy John's, LLC*,
    No. 14 C 5509, 2016 WL 7232560 (N.D. Ill. Jan. 14, 2016) ........................................................7

*Chhab v. Darden Rests., Inc.*,
    No. 11 CIV. 8345 NRB, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013).................................13

*Feliciano et al. v. Metropolitan Transportation Authority et al.*,
    No. 1:18-cv-00026-VSB ................................................................................................ passim

*Flood v. Just Energy Mktg. Corp.*,
    No. 15 Civ. 2012 (AT), 2016 WL 354078 (S.D.N.Y. Jan. 25, 2016)........................................8

*Garcia v. Spectrum of Creations, Inc.*,
    102 F. Supp. 3d 541 (S.D.N.Y. 2015)..............................................................................12, 13

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003)......................................................................................8

*Hamadou v. Hess Corp.*,
    915 F. Supp. 2d 651 (S.D.N.Y. 2013)....................................................................................14

*Hernandez v. City of New York*,
    No. 16-CV-3445 (RA), 2017 WL 2829816 (S.D.N.Y. June 29, 2017) ..................................13

*Hoffmann–La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989)........................................................................................................8, 9, 15

*Hotaranu v. Star Nissan Inc.*,
    No. 16 CV 5320 (KAM) (RML), 2017 WL 1390808 (E.D.N.Y. Apr. 12, 2017)....................13

*In re Milos Litig.*,
    No. 08 Civ. 6666 (LBS), 2010 WL 199688 (S.D.N.Y. Jan. 11, 2010)....................................12

*Lira v. Eagle Open Kitchen LLC*,
    No. 14-CV-2356 KBF, 2014 WL 7910482 (S.D.N.Y. July 14, 2014) ...................................15

*Mark v. Gawker Media LLC*,
    No. 13-CV-4347 AJN, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) ....................................13

*Michael v. Bloomberg L.P.*,
    No. 14-CV-2657 TPG, 2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015)....................................13

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ............................................................................................... 6

*Pollock v. Legends Hosp., LLC*,
   No. 12 CIV. 8334 KBF, 2013 WL 3863864 (S.D.N.Y. July 25, 2013) ................................ 15

*Schucker v. Flowers Foods, Inc.*,
   No. 16-CV-3439 (KMK), 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017) ............................. 7

*Shajan v. Barolo, Ltd.*,
   No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ................................ 12

*Varghese v. JP Morgan Chase & Co.*,
   14 Civ. 1718 (PGG), 15 Civ. 3023 (PGG), 2016 WL 4718413
   (S.D.N.Y. Sept. 8, 2016) ...................................................................................................... 7

*Veres-Pop v. Sistina Rest.*,
   No. 13 CIV. 2360 KBF, 2013 WL 4082872 (S.D.N.Y. Aug. 8, 2013) ............................... 15

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) ............................................................................... 14

**STATUTES AND OTHER AUTHORITIES**

29 U.S.C. § 216(b) .................................................................................................................. 6, 8

Fair Labor Standards Act ................................................................................................... passim

Federal Rule of Civil Procedure 42(a) ........................................................................................ 4

**PRELIMINARY STATEMENT**

Defendants Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA") (together, "Defendants") submit this Memorandum of Law in Opposition (the "Opposition") to Plaintiffs Jeffrey Mercado, Tyrone Pringle, Adam Roman, Kevin Knois and Edward Kalanz's (together, the "*Mercado* Plaintiffs") Motion for Conditional Certification of a Collective Action (the "Motion") dated September 2, 2020. (*Mercado* Dkt. 32.) Defendants respectfully request that the Court deny the Motion for the reasons below.

Defendants do not oppose conditional certification for purposes of disseminating notice on account of the "low bar" courts apply in granting such motions, as well as the fact that a significant majority of the putative opt-ins have already joined the putative FLSA Collective. Defendants reserve all rights to challenge the suitability of this case for representative treatment and intend to vigorously move to decertify the FLSA Collective after substantial discovery has been completed.

Notwithstanding the foregoing, Defendants are concerned that if the Court issues notice in *Mercado* to putative opt-ins prior to resolving Defendants' consolidation motion and the concurrent request by the plaintiffs in *Joseph et al. v. Metropolitan Transportation Authority et al.*, 1:20-cv-05776 (AT) (*"Joseph"*) to conditionally certify and issue notice to the same putative opt-ins regarding the same FLSA claims against the same Defendants, there is the potential for the Court to issue duplicative notices to the same individuals, which will inevitably confuse putative opt-in as to their rights in each case. Indeed, for this very reason, courts are loathe to issue concurrent notices to the same group of opt-ins in duplicative actions—as here. Accordingly, Defendants believe notice, whether agreed to between the parties or as directed by the Court, should issue only ***once*** as to the putative opt-ins who have not yet joined either

*Mercado* or *Joseph*, respectively. Defendants respectfully request that the Court resolve the Motion concurrent with or subsequent to Defendants' pending consolidation motion.

Moreover, as explained below, the *Mercado* Plaintiffs' proposed notice is misleading, inaccurate and departs starkly from the form and methodology of the notice that Plaintiffs' counsel and Defendants agreed to in a nearly-identical prior action, *Feliciano et al. v. Metropolitan Transportation Authority et al.*, No. 1:18-cv-00026-VSB ("*Feliciano*"), which yielded a substantial opt-in rate. Defendants are currently attempting to resolve these issues with the *Mercado* Plaintiffs, but if the parties are unable to resolve the open issues, notice should be distributed via first-class mail and e-mail only, through a neutral third-party—as was done in *Feliciano*—and the Court should incorporate the additional proposed revisions to the notices contained herein.

## PROCEDURAL HISTORY

**A.  *Joseph et al. v. Metropolitan Transportation Authority et al.* ("*Joseph*")**

On July 24, 2020, Plaintiffs Wayne Joseph, Scott Denley, Anthony Barbato, Bryan Welsh, Latoria Bosley, and Darnell Eason commenced an action against Defendants alleging two (2) FLSA counts on behalf of themselves and approximately 500 purportedly similarly-situated Bridge and Tunnel Officers employed by the TBTA over the relevant time period. (*See Joseph* First Amended Complaint ("FAC") at ¶¶ 1, 67-92.) A FAC was filed on September 1, 2020, which was nearly-identical to the Original Complaint, except six (6) additional Named Plaintiffs were added to the pleading and the caption: Cerrone Danzy, Worrell Francis, Lorenzo Thousand,

Edwin Collazo, Jr., Ricardo Cruz, Jr., and Jason Vasquez.[1] (*See id.* at ¶¶ 16-21.) The *Joseph* FAC alleges two (2) FLSA violations on behalf of the putative FLSA Collective, including: (i) alleged miscalculations of the regular rate of pay for purposes of paying overtime compensation by excluding certain lump sum payments pursuant to a purportedly "uniform policy and practice" applicable to all Officers (*Id.* at ¶¶ 74-83); and (ii) alleged failure to pay overtime compensation pursuant to a purportedly "uniform policy and practice of paying overtime wages two pay periods – four to six weeks – after the work was performed." (*Id.* at ¶¶ 84-92.)

### B. *Mercado et al. v. Metropolitan Transportation Authority et al. ("Mercado")*

Approximately one month later, on August 17, 2020, the five (5) *Mercado* Plaintiffs, also TBTA Bridge and Tunnel Officers, filed a nearly identical Complaint to *Joseph*, alleging the same two (2) FLSA counts on behalf of the same putative FLSA Collective comprised of approximately 500 Bridge and Tunnel Officers employed by TBTA over the relevant time period. (*Mercado* Compl. at ¶¶ 112-19, 145-63.) The *Mercado* Plaintiffs alleged two (2) additional FLSA counts not present in *Joseph*: (i) that they allegedly performed pre- and post-shift work without compensation; and (ii) that they allegedly were subjected to an unlawful "automatic time-rounding" practice. (*Id.* at ¶¶ 112-44.) To date, four-hundred and forty-four (444) Officers (including the five (5) named plaintiffs) have filed consent to join forms to opt in to the putative FLSA Collective. (*Mercado* Dkt. 7, 11, 12, 13, 19, 20, 23, 25, 26, 27, 28, 29, 30, 34, 37, 41, 42 43, 44, 45, 47, 48, 49, 50, 52, 54, 60, 64, 65, 66, 67, 68, 70.) According to the *Mercado* Plaintiffs, as of September 29, 2020, there were nineteen (19) remaining Officers who

---

[1]  On September 21, 2020, two of the Named Plaintiffs in *Joseph*, Edwin Collazo, Jr. and Ricardo Cruz, Jr., withdrew from that case and joined *Mercado*. (*See Joseph* Dkt. 32 and 34; *Mercado* Dkt. 58 and 59.)

3

have not yet joined the putative FLSA Collectives in *Mercado* or *Joseph* (and since, then four (4) additional Officers have joined *Mercado*). (*Mercado* Dkt. 68, 70.)

### C. Procedural Posture

*Mercado* and *Joseph* were deemed "related" by this Court on August 26, 2020. Defendants filed a pre-motion letter seeking to consolidate *Joseph* and *Mercado* on August 27, 2020 (*Mercado* Dkt. 24; *Joseph* Dkt. 12), and Defendants then filed a motion to consolidate pursuant to Federal Rule of Civil Procedure 42(a) on September 21, 2020. (*Joseph* Dkt. 29; *Mercado* Dkt. 55.) On October 2, 2020, the *Joseph* Plaintiffs advised the Court they do not oppose Defendants' motion to consolidate or Defendants' request that the Court direct the filing of a consolidated complaint. (*Joseph* Dkt. 36.) The *Mercado* Plaintiffs' response to Defendants' consolidation motion is due October 5, 2020.

On September 2, 2020—almost one week after Defendants filed a pre-motion letter to consolidate the actions—the *Mercado* Plaintiffs filed the Motion, seeking to conditionally certify a FLSA Collective comprised of all Bridge and Tunnel Officers employed by Defendants during the relevant time period, excluding any Bridge and Tunnel Officers serving as Union Executive Board Members, which was not an exclusion in their Complaint and no amended Complaint has been filed. (*Mercado* Dkt. 32 at 3.).

On September 14, 2020, the *Joseph* Plaintiffs filed a pre-motion letter seeking leave to file a motion for conditional certification of an ***identical*** putative FLSA Collective as the *Mercado* Plaintiffs seek to certify here, comprised of all Bridge and Tunnel Officers employed by TBTA during the relevant time period. (*Joseph* Dkt. 27.) Defendants responded the following day, requesting that the Court deny the *Joseph* Plaintiffs' request to move for conditional certification because the motion is premature in advance of the Court's resolution of the pending

4

consolidation motion. (*Joseph* Dkt. 28.) The Court has not yet responded to the *Joseph* Plaintiffs' request. Defendants also requested that the Court adjourn the briefing schedule for the Motion for the same reasons. (*See Mercado* Dkt. 51.)

On September 22, 2020, Defendants and the *Mercado* Plaintiffs entered into an agreement tolling the individual statutes of limitation for each putative opt-in who has not filed with the Court a consent to join the *Mercado* putative FLSA Collective from September 2, 2020 through the end of the notice period, if the Court conditionally certifies the putative FLSA Collective. (*See Mercado* Dkt. 62.) That same day, Defendants advised the Court of this development, reinforcing Defendants' position that conditional certification should be decided after consolidation is determined, and that no prejudice would result from the delay in doing so. (*Id.*) The *Mercado* Plaintiffs submitted a surreply on September 29, 2020, asserting that the Court should deny Defendants' request to stay the briefing on the Motion. (*Mercado* Dkt. 68.) On September 30, 2020, the Court denied Defendants' request to adjourn briefing on the Motion pending the Court's ruling on Defendants' motion to consolidate. (*Mercado* Dkt. 69.)

An initial conference has been scheduled in *Joseph*, the first-filed action, for November 23, 2020. (*Joseph* Dkt. 9.) To date, no discovery or scheduling orders have been ordered in either case. The Court granted Defendants' request to adjourn their deadlines to answer, move or otherwise respond to the *Mercado* and *Joseph* pleadings, respectively, until resolution of the pending motion to consolidate. (*Mercado* Dkt. 39; *Joseph* Dkt. 26.)

**ARGUMENT**

I.  **DEFENDANTS DO NOT OPPOSE CONDITIONAL CERTIFICATION AND THE ISSUANCE OF NOTICE TO PUTATIVE FLSA COLLECTIVE MEMBERS, BUT HAVE CONCERNS ABOUT THE COURT ISSUING DUPLICATIVE NOTICES TO THE SAME PUTATIVE FLSA COLLECTIVES IN MERCADO AND JOSEPH, RESPECTIVELY.**

In light of the Court's September 30, 2020 Order denying Defendants' request that the Court adjourn briefing of the Motion pending resolution of Defendants' consolidation motion, Defendants do not oppose conditional certification and issuance of Court-authorized notice of the proposed *Mercado* FLSA Collective due to (1) the traditionally "low standard of proof" courts apply to the "modest factual showing" required of plaintiffs at this stage (*see, e.g., Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal citations omitted)); and (2) the fact that, as of September 29, 2020, a large majority of the potential collective-action members have already opted-in to *Mercado*. (*Mercado* Dkt. 68.) Defendants otherwise reserve all rights and defenses to oppose this case as unsuitable for collective treatment under 29 U.S.C. § 216(b), and vigorously intend to oppose the case proceeding on a representative basis after substantial completion of discovery and will move to decertify the putative FLSA Collective at the appropriate time.

However, given the posture of this case and that of the related *Joseph* action—as the Court is aware, the *Joseph* Plaintiffs also seek to conditionally certify and issue notice to the *same* putative FLSA Collective regarding the *same* FLSA claims against the *same* Defendants as here[2]—and given Defendants' pending consolidation motion, Defendants are concerned that the

---

[2] The *Mercado* Plaintiffs argue that Defendants' legitimate concern that two competing conditional certifications motions may proceed if the cases are not consolidated is "purely hypothetical" because the *Joseph* Plaintiffs have only submitted a pre-motion letter. (*Mercado* Dkt. 61 at 1; 68 at 3.) This assertion places far too much emphasis on form over substance, as the *Joseph* Plaintiffs merely complied with this Court's Individual Rules of Practice in Civil Cases, which requires parties to file a pre-motion letter seeking

6

Court could concurrently authorize the sending of two notices for two competing collective actions regarding the same claims to the same group of putative opt-ins. This result is untenable due to, *inter alia,* the high likelihood of mass confusion among the putative opt-ins regarding their rights in each case. Indeed, courts in similar circumstances have consistently recognized it is inappropriate to do so. *See, e.g., Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *7 (S.D.N.Y. Aug. 24, 2017) (denying motion for conditional certification of second action); *Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718 (PGG), 15 Civ. 3023 (PGG), 2016 WL 4718413, at *3-4 (S.D.N.Y. Sept. 8, 2016) (consolidating two substantially-similar actions in order to promote judicial economy, avoid "vexatious litigation in multiple forums" and eliminate the risk of inconsistent judgments);[3] *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *3 (N.D. Ill. Jan. 14, 2016) (noting that consolidation of two separate FLSA actions—brought by two groups of employees against the same employer—and a single proposed notice for the consolidated action were necessary to "prevent confusion among

---

leave to file a formal motion. Thus, as a practical matter, plaintiffs in both actions seek leave for the Court to conditionally certify the same putative FLSA Collective.

[3] The *Mercado* Plaintiffs unpersuasively attempt to distinguish *Varghese* in their September 21, 2020 letter by claiming that it is inapposite because the two sets of plaintiffs there consented to consolidation and the issuance of one notice. (*Mercado* Dkt. 61.) However, in *Varghese*, the defendants opposed consolidation and conditional certification, which required the district court to consider the facts and whether the case was appropriate for consolidation and what type of notice, if any, should issue to the putative collective. The court concluded that the "trivial differences" cited by the defendants in opposition to consolidation were "dwarfed by the similarities in the two actions" at issue, and judicial economy would be served by consolidation because there was—as here—a substantial overlap in parties, factual allegations and legal issues, and discovery would involve duplicate document production and depositions. *Varghese,* 2016 WL 4718413 at *4. Accordingly, the court consolidated the actions and issued one notice to the putative collective for the related, consolidated actions. The same result is warranted here.

the recipients as to whether the suits cover the same claims; whether they might recover twice; and whether it is necessary to opt-in to both or risk forfeiting some rights.").

Accordingly, Defendants respectfully request that the Court authorize the distribution of only **one** notice to putative opt-ins of the FLSA Collective in *Mercado*, and for the reasons stated in Defendants' motion to consolidate (*see Mercado* Dkt. 56), exercise its discretion by consolidating *Mercado* and *Joseph* and ruling that notice should not issue in *Joseph* in light of the Court's conditional certification of the same putative collective in *Mercado*. Doing so will avoid the inevitable unnecessary confusion to putative opt-ins, prejudice to Defendants who would have to defend against multiple collective actions asserting the same claims at the same time, and waste of resources if the Court orders briefing conditional certification motions in both cases and authorizing notice to issue to the same set of putative opt-ins in both cases.

Defendants also object to the form, content and methodology of the proposed notices on numerous grounds, which are reflected in detail in Sections II, III and IV, *infra*. Defendants are endeavoring to resolve these issues with the *Mercado* Plaintiffs without judicial intervention. (*See* Declaration of Steven Hurd ("Hurd Decl.") at ¶ 2.)

## II. PLAINTIFFS' PROPOSED NOTICES ARE INACCURATE AND/OR MISLEADING AND SHOULD BE REVISED.

"No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105-06 (S.D.N.Y. 2003). However, the Supreme Court has stated that the details of a notice under § 216(b) should be left to the discretion of the trial court. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, ***accurate***, and

8

informative." *Id.* at 172 (emphasis added). Further, "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed . . . ." *Id.* at 171-72.

Defendants object to the content and form of the *Mercado* Plaintiffs' proposed notices, and are attempting to resolve those issues with the *Mercado* Plaintiffs. (*See* Hurd Decl. at ¶ 2.) The parties should be given an opportunity to revise the notices and curtail the notice process without court intervention due to the significant deficiencies that exist in the aggressive and misleading proposed notices and notice process that the *Mercado* Plaintiffs outlined in the Motion. *See, e.g.*, *Flood v. Just Energy Mktg. Corp.*, No. 15 Civ. 2012 (AT), 2016 WL 354078 (S.D.N.Y. Jan. 25, 2016) (directing parties to meet-and-confer regarding remaining issues related to the form and dissemination of notice). In the event the parties do not reach agreement, then the Court should revise the notices based on Defendants' proposed revisions. Further, as described above, once the appropriate notice is determined—whether by agreement of the parties or the Court—such notice should not be sent to putative collective members until Defendants' consolidation motion and the *Joseph* Plaintiffs' proposed motion for conditional certification are decided to avoid duplicative notices being sent.

Put simply, the proposed notices (*Mercado* Dkt. 33-11 at 2-4) fail to comply with the strictures of *Hoffmann-LaRoche*, which require court-authorized FLSA opt-in notices to be, *inter alia,* "accurate." 493 U.S. at 172. The notices plainly are not. Most of Defendants' proposed revisions below are consistent with the content of the notice forms in *Feliciano*, which Defendants and the *Mercado* Plaintiffs' counsel negotiated in good-faith, and which yielded a substantial opt-in rate of one-hundred and sixty-five (165) out of one-hundred and eighty-two (182) putative opt-ins. (*See* Hurd Decl. at ¶¶ 3-6, Ex. B.) There is no basis to depart from the terms the parties previously agreed to in another matter, as the *Feliciano* Plaintiffs alleged the

same claims that the *Mercado* Plaintiffs currently assert against Defendants, but on behalf of TBTA Sergeants and Lieutenants—*i.e.,* the superior officers to the Bridge and Tunnel Officers asserting FLSA claims in *Mercado* and *Joseph*, respectively.

*First,* the case caption should be revised to reflect that *Mercado* and *Joseph* are related, and, if the Court grants Defendants' consolidation motion, consolidated. (*See* Hurd Decl., Ex. A at 1.)

*Second,* the proposed notices inappropriately and misleadingly refer to Officers as "employed by" MTA and TBTA. (*Mercado* Dkt. 33-11 at 2.) This is a disputed legal issue between the parties and will unnecessarily cause confusion among the putative opt-ins, since there are "Officers" employed by the MTA who are not Bridge and Tunnel Officers and are not part of the proposed collective. The notices should refer to Bridge and Tunnel Officers as being "employed by Triborough Bridge and Tunnel Authority" only, which is undisputed and reflects the manner in which the Officers refer to themselves. Adopting this proposed revision will prevent confusion by anyone who is an "Officer" (but not a Bridge and Tunnel Officer) employed by the MTA directly or by any other MTA agency, from claiming that he or she should have received a notice.

*Third,* the text of the proposed email notice, as well as the text message and workplace posting (if the Court finds such notices are warranted, which it should not; *see* Section III, *infra*) currently provide that "[i]f you worked for the Metropolitan Transportation Authority or the Triborough Bridge and Tunnel Authority . . ." at any time three (3) years before the filing of the lawsuit, you may be eligible to join the lawsuit as an opt-in plaintiff. The text is plainly overbroad, inaccurate and incredibly misleading, and must be revised to state that individuals are eligible to join the lawsuit only if they worked "***as a Bridge and Tunnel Officer for the***

10

***Triborough Bridge and Tunnel Authority***" during the relevant time period. (*See* Hurd Decl., Ex. A.) Otherwise, a deluge of all MTA and TBTA employees will inappropriately seek to join this lawsuit.

*Fourth,* the notices should be issued only to the Bridge and Tunnel Officers who have not yet opted in to *Mercado* if they are currently employed or were employed by the TBTA within three (3) years prior to September 2, 2020 (*i.e.,* the date of the Motion)—not three (3) years prior to the filing of the Complaint as the *Mercado* Plaintiffs suggest. This is consistent with the parties' tolling agreement, which tolls putative opt-in members' claims from September 2, 2020 through the conclusion of the notice period. (*See* Hurd Decl., Ex. A at 1-2.)

*Fifth,* Defendants identified in their proposed revisions certain text that constitutes unnecessary commentary by the *Mercado* Plaintiffs, which should be deleted because that is confusing and/or misleading. (*See id.*) For instance, the reference stating that Union Executive Board members are excluded from the *Mercado* FLSA Collective is unnecessary, as those individuals have already joined *Joseph* and would not receive a notice here in any event. In addition, the reference in the notices to the number of current opt-ins is misleading because such a number is subject to change (depending on additional opt-ins or withdrawals of consent), and it is unnecessary because the individuals who have joined either case at the time of distribution will not receive a notice so there is no risk of confusion. In any event, if a putative opt-in sends in a second opt-in notice (after already joining), then he or she will receive the benefit of the earlier-filed opt-in notice.

*Sixth,* the note advising recipients to "contact Plaintiffs' Counsel: Innessa Huot" to check on the status of any previously submitted Join Forms should be revised based on which firm is

11

appointed General Counsel (if the Court grants Defendants' consolidation motion and designates a General Counsel). (*See Mercado* Dkt. 33-11 at 2; Hurd Decl., Ex. A at 1.)

*Finally*, the proposed notice should also be amended to state that participating plaintiffs may retain their own counsel, which was contained in the agreed-upon notices in *Feliciano*. (*See* Hurd Decl., Exs. A, B.) *See*, *e.g.*, *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) ("And the notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense.").

Defendants' proposed amendments to the proposed notices should be accepted because they are reasonable, they have been accepted by a court in this District in a nearly identical case, and they are not remotely argumentative—in fact, Defendants' revisions intend to remove argumentative commentary by the *Mercado* Plaintiffs in order to better simplify the notices and provide accurate and clear information to putative opt-ins. *Cf. In re Milos Litig.*, No. 08 Civ. 6666 (LBS), 2010 WL 199688, at *2 (S.D.N.Y. Jan. 11, 2010) (amendments that are "unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading" should be rejected).

### III. NOTICES SHOULD BE DISSEMINATED VIA FIRST-CLASS MAIL AND E-MAIL ONLY.

If notices are distributed, then the methodology of dissemination should be via first-class mail and e-mail only, which is also consistent with the manner in which the parties distributed notices in *Feliciano*, and which resulted in a significantly high opt-in rate. (*See* Dkt. 32 at 21; Hurd Decl. ¶ 5.) There is simply no basis to resort to alternative forms of notice, such as text messages and workplace notices, which are unnecessarily intrusive, because Plaintiffs have not shown—and cannot show—that mailing and emailing notices will be ineffective. *See Garcia v.*

12

*Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015) (certain alternative forms of notice should not be permitted until mailing has been shown to be ineffective).

Courts have found that text messages, specifically, are only necessary when the nature of the employer's business facilitates a high turnover rate among employees. *Hotaranu v. Star Nissan Inc.*, No. 16 CV 5320 (KAM) (RML), 2017 WL 1390808, at *6 (E.D.N.Y. Apr. 12, 2017). Text messages are unnecessary here because the *Mercado* Plaintiffs make no argument that there is a high turnover rate among TBTA Bridge and Tunnel Officers, and on balance, text messages are needlessly intrusive compared to first-class mail and e-mail. *Cf. Hernandez v. City of New York*, No. 16-CV-3445 (RA), 2017 WL 2829816, at *9 (S.D.N.Y. June 29, 2017) (finding emails and first-class mail distributions are not intrusive).

Similarly, workplace notices should not be posted because they are redundant, gratuitous and may negatively impact the work environment. *See Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) ("absent a showing that a significant number of notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace"); *Garcia*, 102 F. Supp. 3d at 551 ("We recognize that a posting of notice in the workplace is not always an effective or even appropriate way to reach similarly situated employees, and that such a posting may have negative effects on the workplace environment."); *Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *3–5 (S.D.N.Y. Nov. 3, 2014) ("the circumstances of this case make clear that posting in Defendant's workspace is unlikely to reach any significant number of potential plaintiffs, and even more unlikely to reach any plaintiffs that will not otherwise receive notice."); *Chhab v. Darden Rests., Inc.*, No. 11 CIV. 8345 NRB, 2013 WL 5308004, at *16–17 (S.D.N.Y. Sept. 20, 2013) (concluding that posting notice in a conspicuous location at all of defendants'

locations was unnecessary because defendants provided sufficient information for potential collective members). Moreover, the *Mercado* Plaintiffs have recently asserted that "many" of the purported "remaining [nineteen (19)] putative plaintiffs…no longer work for Defendants" (*Mercado* Dkt. 61 at 1), demonstrating that workplace notices will not reach them. Even if the Court were inclined to require notice postings at TBTA facilities in normal circumstances, the current COVID-19 environment necessarily prohibits congregating in common areas at all facilities, thus removing any perceived benefit of doing so.

The two in-District cases cited by Plaintiffs in support of workplace notices are distinguishable, (Dkt. 32 at 22), since in one case (*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013)) the defendant did not oppose the workplace posting, and in the other (*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011)), defendants failed to explain how a bulletin board or common area notice posting would be burdensome because potential opt-ins would be notified by mail. Here, by sharp contrast, Defendants oppose posting workplace notices at TBTA facilities, and a workplace posting is unduly burdensome because Defendants will provide sufficient personal information—including names, last known addresses, telephone numbers and known e-mail addresses of all potential opt-in plaintiffs—to reach the remaining putative opt-ins via traditional means (first class mail and e-mail). Accordingly, preparing and posting notices in the workplace would be an inefficient use of time that may even prove futile if "many" of the remaining putative plaintiffs will not see the notices (either because they no longer work for Defendants or due to COVID-related restrictions). Given the number of former employees who have not yet opted in, balancing the minimal (if any) benefits of posting the notices with the potential confusion and distractions that

14

inevitably will result if the Court grants the *Mercado* Plaintiffs' request tips decidedly in Defendants' favor.

Accordingly, notice should be disseminated to putative opt-in plaintiffs by first-class mail and e-mail only.

### IV. NOTICE TO POTENTIAL OPT-IN MEMBERS SHOULD BE HANDLED BY A NEUTRAL THIRD-PARTY—NOT PLAINTIFFS' COUNSEL.

Defendants request that a neutral third-party administrator, such as Rust Consulting, whom the parties used in *Feliciano,* be retained to issue notice and oversee the opt-in process. Notably, this Court has allowed the use of a neutral administrator in similar circumstances as a matter of course. *See Lira v. Eagle Open Kitchen LLC*, No. 14-CV-2356 KBF, 2014 WL 7910482 (S.D.N.Y. July 14, 2014) (parties used a designated third-party administrator); *Pollock v. Legends Hosp., LLC*, No. 12 CIV. 8334 KBF, 2013 WL 3863864 (S.D.N.Y. July 25, 2013) (same); *Veres-Pop v. Sistina Rest.*, No. 13 CIV. 2360 KBF, 2013 WL 4082872 (S.D.N.Y. Aug. 8, 2013) (same).

The United States Supreme Court held in *Hoffmann-La Roche* that district courts have a substantial interest in managing communications that are mailed to potential plaintiffs because of "the potential for misuse of the class device, as by misleading communications . . . ." 493 U.S. 165, 170-71 (1989). Here, given the similarity of the issues in *Mercado* and *Joseph*, and the presence of different plaintiffs' counsel in *Joseph,* a third-party administrator would be instrumental in avoiding mass confusion that putative opt-ins would otherwise experience if Plaintiffs' counsel orchestrated the distribution of notice here. A neutral third-party administrator is simply the best and most efficient way to ensure that any potential order regarding notice is followed and that notice is distributed in a neutral fashion.

## **CONCLUSION**

For these reasons, if the Court conditionally certifies the FLSA Collective and authorizes notice, the Court should adopt Defendants' proposed revisions to the notices and grant Defendants' request that the notices should be distributed via first-class mail and e-mail only through a neutral third-party administrator. Further, such notice should not be sent to putative collective members until Defendants' consolidation motion and the *Joseph* Plaintiffs' proposed motion for conditional certification are resolved by the Court to avoid duplicative notices being sent.

Respectfully Submitted,

Dated: New York, New York
October 2, 2020

PROSKAUER ROSE, LLP
*/s/ Steven D.* Hurd
Steven D. Hurd
Joshua S. Fox
Eleven Times Square
New York, New York 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
shurd@proskauer.com
jfox@proskauer.com
*Attorneys for Defendants*

*Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority*

16