```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JEFFREY MERCADO, TYRONE PRINGLE, ADAM
ROMAN, KEVIN KNOIS, and EDWARD KALANZ,
on behalf of themselves and others similarly situated,

                           Plaintiffs,

             -against-

METROPOLITAN TRANSPORTATION AUTHORITY
and TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY,

                           Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/24/2021____

20 Civ. 6533

**ORDER**

ANALISA TORRES, District Judge:

In this wage-and-hour action, Plaintiffs, Jeffrey Mercado, Tyrone Pringle, Adam Roman, Kevin Knois, and Edward Kalanz, individually and on behalf of others similarly situated, allege that Defendants, Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs move for conditional collective action certification and court-authorized notice pursuant to 29 U.S.C. § 216(b). ECF No. 31. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND[1]

Defendant Triborough Bridge and Tunnel Authority is a transportation and toll collection agency that operates seven intrastate toll bridges and two tunnels in New York City. Compl. ¶ 26. It is an affiliate agency of Defendant Metropolitan Transportation Authority, which is responsible for public transportation in New York and Connecticut. *Id.* ¶ 17. Plaintiffs are bridge and tunnel officers who work for Defendants, *id.* ¶ 1, and who are not members of the

---

[1] The following facts are taken from the complaint and Plaintiffs' declarations, and are accepted as true for the purposes of this motion. *See, e.g.*, *Trinidad v. Pret a Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557–58 (S.D.N.Y. 2013) (explaining that a conditional collective action certification determination "is not limited to a review of the allegations in the [c]omplaint" but rather "include[s] plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members'" (citation omitted)).

union executive board, *see e.g.*, ECF No. 33-2 ¶ 29.

On August 17, 2020, Plaintiffs commenced this action "on behalf of themselves and all current and former similarly situated [b]ridge and [t]unnel [o]fficers." Compl. ¶ 1.  Plaintiffs allege that Defendants violated the FLSA because Defendants sometimes did not pay them overtime, and delayed some overtime payments. *Id.*  Plaintiffs claim that Defendants (1) require them to perform unpaid off-the-clock work, *id.* ¶ 2, ¶¶ 46–49; (2) systematically shave their work time, ¶¶ 3, 58–82; (3) miscalculate their overtime rates, *id.* ¶ 4, ¶¶ 83–100; and (4) delay their compensation, *id.* ¶ 5, ¶¶ 101–11.

In support of collective action certification, Plaintiffs allege that, at all relevant times, they and other bridge and tunnel officers "were similarly situated, had substantially similar job requirements, [and] were paid in the same manner[.]" *Id.* ¶¶ 112–13.  Plaintiffs claim that they and their counterparts were subjected to the same policies, practices, and programs depriving them of the proper overtime pay. *Id.* ¶ 113.

## DISCUSSION

### I.  Conditional Certification

#### A. Legal Standard

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To effectuate these broad remedial goals, § 216(b) of the FLSA permits "similarly situated" employees to maintain collective actions to remedy violations of the statute, but only if such employees "consent in writing." *Id.* § 216(b).  Accordingly, potential plaintiffs must "opt-in" to participate in a FLSA collective action.  The FLSA does not guarantee an initiating plaintiff a right to obtain a court-ordered notice to potential opt-ins; rather, district

courts have discretion to implement § 216(b) by facilitating notice. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).

Courts in this Circuit utilize a two-step process to determine whether to certify a collective action. *Id.* at 554–55. At the first stage (*i.e.*, the conditional certification stage), plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* at 555. If plaintiffs satisfy their "modest" burden, the court may authorize them to send out notices to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to the FLSA violation alleged. *Id.* "[C]ourts generally grant conditional certification" because "the determination that plaintiffs are similarly situated is merely a preliminary one." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158–59 (S.D.N.Y. 2014). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). The Court should not examine "whether there has been an actual violation of law," but rather "whether the proposed plaintiffs are 'similarly situated' under § 216(b) with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether [those] who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. The court may decertify the collective action if it determines that the opt-in plaintiffs are not in fact similarly situated, and the opt-in plaintiffs' claims will be dismissed without prejudice. *Id.*

B.  Application

Applying the foregoing principles, the Court finds that Plaintiffs have made a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the [FLSA]." *Id.* (quotation marks and citation omitted).  Plaintiffs submit nine declarations from themselves and other bridge and tunnel officers alleging substantially similar claims against Defendants.  ECF Nos. 33-2–33-10.  Each declarant alleges that he is not compensated for pre-shift and post-shift work.  ECF No. 33-2 ¶ 15; ECF No. 33-3 ¶ 15; ECF No. 33-4 ¶ 16; ECF No. 33-5 ¶ 15; ECF No. 33-6 ¶ 15; ECF No. 33-7 ¶ 16; ECF No. 33-8 ¶ 14; ECF No. 33-9 ¶ 15; ECF No. 33-10 ¶ 15.  Moreover, declarants state that if they clock-in even a minute late, Defendants "round [their] time forward" to the next 30-minute increment, shaving off part of their time worked.  ECF No. 33-2 ¶ 16; ECF No. 33-3 ¶ 16; ECF No. 33-4 ¶ 17; ECF No. 33-5 ¶ 16; ECF No. 33-6 ¶ 16; ECF No. 33-7 ¶ 18 ; ECF No. 33-8 ¶ 15; ECF No. 33-9 ¶ 16; ECF No. 33-10 ¶ 16.  Declarants also assert that, until July 1, 2020, Defendants untimely compensated declarants for overtime—four to six weeks after they earned it.  ECF No. 33-2 ¶ 19; ECF No. 33-3 ¶ 19; ECF No. 33-4 ¶ 20; ECF No. 33-5 ¶ 19; ECF No. 33-6 ¶ 19; ECF No. 33-7 ¶ 24; ECF No. 33-8 ¶ 20; ECF No. 33-9 ¶ 19; ECF No. 33-10 ¶ 21.  Furthermore, declarants allege that Defendants calculate their overtime rate improperly.  ECF No. 33-2 ¶ 27; ECF No. 33-3 ¶ 27; ECF No. 33-4 ¶ 28; ECF No. 33-5 ¶ 27; ECF No. 33-6 ¶ 27; ECF No. 33-7 ¶ 32; ECF No. 33-8 ¶ 28; ECF No. 33-9 ¶ 27; ECF No. 33-10 ¶ 29.

Defendants do not oppose conditional certification, Def. Opp'n at 6–8, ECF No. 71, and Plaintiffs have met their minimal burden of showing that they are similarly situated to other members of the proposed collective action, *Carranza v. VBFS, Inc.*, No. 20 Civ. 02635, 2021 WL 1233546, at *3 (S.D.N.Y. Apr. 2, 2021) (conditionally certifying an FLSA class where the

defendants did not oppose and the plaintiff only submitted one affidavit).

Defendants instead argue that certifying the collective in this action runs the risk of creating an overlapping collective in a related action, *Joseph et al. v. Metro. Transp. Auth. et al.*, No. 20 Civ. 5776 (S.D.N.Y.). Def. Opp'n at 6–8. Unlike this action, the potential *Joseph* collective action could include union executive board members, who could be exempt from the FLSA. *See Joseph*, ECF No. 24 ¶ 38; *see also Castro v. Metro. Transp. Auth.*, No. 04 Civ. 1445, 2006 WL 1418585, at *3 (S.D.N.Y. May 23, 2006). Because courts decline to conditionally certify collective actions containing both potentially exempt and non-exempt personnel, the Court finds this argument unpersuasive. *Romero v. H.B. Auto. Grp.*, No. 11 Civ. 386, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012); *Diaz v. Elecs. Boutique of Am., Inc.*, No. 04 Civ. 0840E, 2005 WL 2654270, at *3–4 (W.D.N.Y. Oct. 17, 2005).

Accordingly, because Plaintiffs have made the requisite factual showing, the motion for conditional collective action certification is GRANTED.

II.     Notice

Plaintiffs submit proposed notices for the Court's review that incorporate all but two of Defendants' proposed edits. ECF No. 89-1; Huot Decl. ¶ 7, ECF No. 89; Pl. Reply at 12–15, ECF No. 88. Although § 216(b) has no provision for issuing notice in a collective action, it is well-settled that district courts have the power to authorize a plaintiff to send notice to potential opt-in plaintiffs. *See, e.g.*, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105–06 (S.D.N.Y. 2003). Rather, the Supreme Court has stated that the details of notice issued pursuant to § 216(b) should be left to the discretion of

the district court. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "When exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (quotation marks and citation omitted).

The Court has reviewed Plaintiffs' proposed notice and tentatively approves it. The Court rejects the additional modifications proposed by Defendants. The Court rejects Defendants' contention that the proposed notice should not exclude officers who served on the union executive board. Def. Opp'n at 11. Plaintiffs' proposed class excludes union executive board members, and including this disclaimer makes the proposed notice "accurate." *See Fasanelli*, 516 F. Supp. 2d at 323. Second, Defendants argue that the proposed notice should direct potential opt-in plaintiffs to mail their consent forms to an independent claims administrator, not Plaintiffs' counsel. Def. Opp'n at 15. Courts have authorized returning proposed notices to Plaintiffs' counsel. *Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 WL 1799974, at *4 (E.D.N.Y. Apr. 30, 2013). Accordingly, the Court concludes that opt-in plaintiffs who agree to be represented by Plaintiffs' counsel should return their consent forms to Plaintiffs' counsel—as Plaintiffs' proposed notice instructs—and that Plaintiffs' counsel should manage the notice process.

Although the FLSA has a two-year statute of limitations unless the conduct was willful, 29 U.S.C. § 255(a), the proposed notice contemplates a three-year notice period for potential collective action members. ECF No. 89-1 at 2. To establish a willful violation, and thus be subject to a three-year statute of limitations period, 29 U.S.C. § 255(a), Plaintiffs must

demonstrate that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Typically, "[w]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Plaintiffs allege that Defendants willfully violated the FLSA, Compl. ¶¶ 2, 57, 81, 100, 111, 115, 129, 143, 153, 162, and Defendants do not contest the three-year period in their opposition papers. Under these circumstances, the Court approves a three-year notice period. *See Cohen v. Gerson Lehrman Grp.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010).

## CONCLUSION

For the foregoing reasons, Plaintiffs' request to conditionally certify the matter as a collective action is GRANTED. Plaintiffs' counsel is authorized to send the revised notices at ECF No. 89-1 to all potential opt-in plaintiffs by first-class mail and e-mail.

SO ORDERED.

Dated: June 24, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge