### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY MERCADO, TYRONE PRINGLE, ADAM ROMAN, KEVIN KNOIS, and EDWARD KALANZ, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br><br>         v.<br><br>METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br>                    Defendants. | Civil Case No.: 1:20-cv-06533 [rel 20-cv-06533-AT]<br><br><br>**DEFENDANT TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COLLECTIVE ACTION COMPLAINT** |

Defendant Triborough Bridge and Tunnel Authority ("TBTA" or "Defendant"), by its attorneys Proskauer Rose LLP, hereby submits this First Amended Answer[1] in response to the "Collective Action Complaint" ("Complaint") as follows:

### AS TO "NATURE OF THE CLAIMS"

1.      The allegations set forth in Paragraph 1 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to bring an action on behalf of themselves and all current and former similarly situated Bridge and Tunnel

---

[1]      Defendant TBTA answers on behalf of itself and, unless otherwise indicated, denies knowledge and information as it relates to allegations against Defendant Metropolitan Transportation Authority ("MTA").

[2]      The headings and subheadings used in this First Amended Answer are the headings created by Plaintiffs and used in the Complaint.

Officers ("Officers") pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA").

2.      Denies the allegations set forth in Paragraph 2 of the Complaint.

3.      Denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies the allegations set forth in Paragraph 4 of the Complaint.

5.      The allegations set forth in Paragraph 5 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 5 of the Complaint.

6.      The allegations set forth in Paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Defendants MTA and TBTA share "all-agency policies" that affect all employees of both agencies.

7.      The allegations set forth in Paragraph 7 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiffs purport to bring a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other Officers who performed work for Defendants at any time during the full statute of limitations period.

## AS TO "JURISDICTION AND VENUE"

8.      The allegations set forth in Paragraph 8 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiffs purport to assert jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343.

9.      The allegations set forth in Paragraph 9 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the

allegations set forth in Paragraph 9 of the Complaint, except admits that the Court has subject matter jurisdiction under the FLSA, 29 U.S.C. § 216(b).

10.     The allegations set forth in Paragraph 10 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to assert venue to be proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

11.     The allegations set forth in Paragraph 11 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 11 of the Complaint, except admits that this court may issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

## AS TO "PARTIES"

**A.     As To "Plaintiffs"**

12.     The allegations set forth in Paragraph 12 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Mr. Mercado is a resident of New York, and admits that it has employed Mr. Mercado from August 2003 through the present.

13.     The allegations set forth in Paragraph 13 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 13 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Mr. Pringle is a resident of New York, and admits that it has employed Mr. Pringle from June 2002 through the present.

14.     The allegations set forth in Paragraph 14 of the Complaint state legal conclusions

to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Mr. Roman is a resident of New York, and admits that it has employed Mr. Roman from January 2004 through the present.

15.     The allegations set forth in Paragraph 15 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Mr. Knois is a resident of New York, and admits that it has employed Mr. Knois from April 2004 through the present.

16.     The allegations set forth in Paragraph 16 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Mr. Kalanz is a resident of New York, and admits that it has employed Mr. Kalanz from March 2002 through the present.

**B.     As To "Defendant MTA"**

17.     Denies the allegations set forth in Paragraph 17 of the Complaint except admits that the MTA is a public benefit corporation with its principal place of business located at 2 Broadway, New York, NY 10004.

18.     The allegations set forth in Paragraph 18 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies knowledge or information sufficient to form a belief as to whether "Defendant MTA was an 'employer' of Plaintiffs within the meaning of the FLSA."

19.     Denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint, except admits the

MTA Business Services Center is involved in processing payroll and compensation benefits for Officers.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

**C.     As To "Defendant TBTA"**

26.     Denies the allegations set forth in Paragraph 26 of the Complaint, except states that TBTA is a public benefit corporation with seven bridges and two tunnels under its jurisdiction, is an affiliate of the MTA, and its principal place of business is located at 2 Broadway New York, New York 10004.

27.     The allegations set forth in Paragraph 27 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA admits that it currently employs the five Named Plaintiffs in this action ("Plaintiffs").

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint, except admits that TBTA handles certain complaints made by Officers relating to payroll, timekeeping and compensation issues.

30.     The allegations set forth in Paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 30 of the Complaint, except admits that TBTA has certain control over how overtime rates are calculated and paid.

31.     The allegations set forth in Paragraph 31 of the Complaint state legal conclusions

to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 31 of the Complaint.

32.     The allegations set forth in Paragraph 32 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 32 of the Complaint.

## AS TO "FACTS"

A.     **As To "Background"**

33.     Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that the five named plaintiffs work and/or have worked for TBTA as Officers.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint, except admits that Officers may be scheduled to work ten 8-hour tours, for a total of 80 hours, per 14-day period.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint, except admits that officers may be scheduled to work (i) 10:50 p.m. to 6:50 a.m..; (ii) 6:50 a.m. to 2:50 p.m.; and/or (iii) 2:50 p.m. to 10:50 p.m.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint, except admits that officers at the special operations division may be scheduled to work (i) 9:50 p.m. to 5:50 a.m.; (ii) 5:50 a.m. to 1:50 p.m.; and/or (iii) 1:50 p.m. to 9:50 p.m.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint, except admits that TBTA's Rules and Regulations Governing Bridge and Tunnel Operating Forces paragraph 131 provides, in pertinent part, that "[e]mployees shall not leave their posts…unless properly relieved or unless authorized to do so by a supervisory officer."

**B.**   **As To "Officers Are Required To Perform Compensable Pre-Shift Work Off-The-Clock"**

39.   Denies the allegations set forth in Paragraph 39 of the Complaint.

40.   Denies the allegations set forth in Paragraph 40 of the Complaint.

41.   Denies the allegations set forth in Paragraph 41 of the Complaint.

42.   Denies the allegations set forth in Paragraph 42 of the Complaint.

43.   Denies the allegations set forth in Paragraph 43 of the Complaint, except admits that incoming Officers typically stand for Roll Call at the scheduled start times of their tours.

44.   Denies the allegations set forth in Paragraph 44 of the Complaint.

45.   Denies the allegations set forth in Paragraph 45 of the Complaint.

**C.**   **As To "Officers Are Required To Perform Compensable Post-Shift Work Off-The-Clock"**

46.   Denies the allegations set forth in Paragraph 46 of the Complaint.

47.   Denies the allegations set forth in Paragraph 47 of the Complaint.

48.   The allegations set forth in Paragraph 48 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 48 of the Complaint.

49.   The allegations set forth in Paragraph 49 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 49 of the Complaint.

**a.**   **As To "Clock-in/Clock-out Restrictions"**

50.   Denies the allegations set forth in Paragraph 50 of the Complaint.

51.   Denies the allegations set forth in Paragraph 51 of the Complaint and otherwise refers the Court to the document referred to in Paragraph 51 as to its content.

52.   Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 56 of the Complaint.

57.     The allegations set forth in Paragraph 57 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 57 of the Complaint.

**b.     As To "Unlawful Shaving of Recorded Work Time"**

58.     Denies the allegations set forth in Paragraph 58 of the Complaint, except admits that TBTA has a timekeeping program called Kronos.

59.     Admits the allegations set forth in Paragraph 59 of the Complaint.

60.     Admits the allegations set forth in Paragraph 60 of the Complaint.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Denies the allegations set forth in Paragraph 65 of the Complaint.

66.     Denies the allegations set forth in Paragraph 66 of the Complaint, except admits that an Officer may be subject to potential discipline for arriving to his or her scheduled tour late.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint state legal conclusions

to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 69 of the Complaint.

70.     The allegations set forth in Paragraph 70 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Denies the allegations set forth in Paragraph 72 of the Complaint.

73.     Denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Denies the allegations set forth in Paragraph 75 of the Complaint.

76.     Denies the allegations set forth in Paragraph 76 of the Complaint.

77.     The allegations set forth in Paragraph 77 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 77 of the Complaint.

78.     Denies the allegations set forth in Paragraph 78 of the Complaint.

79.     The allegations set forth in Paragraph 79 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 79 of the Complaint.

80.     The allegations set forth in Paragraph 80 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies

the allegations set forth in Paragraph 81 of the Complaint.

82.     The allegations set forth in Paragraph 82 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations in Paragraph 82.

**D.     As To "Failure To Calculate Overtime Based On The Differential Rate Of Pay"**

83.     Denies the allegations set forth in Paragraph 83 of the Complaint, except admits that the Collective Bargaining Agreement ("CBA") between TBTA and Bridge and Tunnel Officers Benevolent Association ("BTOBA") sets forth compensation of Officers, and avers that the CBA speaks for itself.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint, except admits that the CBA sets forth the parameters for an Officer to receive nighttime tour shift differential, and avers that the CBA speaks for itself.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint, except admits that the CBA sets forth the parameters for an Officer to receive payment for perfect attendance, and avers that the CBA speaks for itself.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint, except admits that the CBA between TBTA and the BTOBA sets forth certain entitlements to payments and avers that the CBA speaks for itself.

87.     The allegations set forth in Paragraph 87 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 87 of the Complaint, except admits that TBTA Officers purport not to allege that they are not paid "Shift Differentials," "Attendance Bonuses," and/or "Lump Sum Payments."

88.     The allegations set forth in Paragraph 88 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 88 of the Complaint.

89.     The allegations set forth in Paragraph 89 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 89 of the Complaint and otherwise refers the Court to 29 C.F.R. § 778.207 as to its content.

90.     The allegations set forth in Paragraph 90 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 90 of the Complaint and otherwise refers the Court to 29 C.F.R. § 778.207(b); §§ 778.201(b)-(c); FLSA §§ 207(e)(5)-(7); and 29 C.F.R. § 778.207(a) as to their contents.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint.

92.     The allegations set forth in Paragraph 92 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 92 of the Complaint and otherwise refers the Court to FLSA §§ 207(e)(5)-(7) as to their contents.

93.     The allegations set forth in Paragraph 93 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 93 of the Complaint and otherwise refers the Court to 29 C.F.R. § 778.211(c); 29 C.F.R. § 778.208; and FLSA § 207(e) as to their contents.

94.     The allegations set forth in Paragraph 94 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies

the allegations set forth in Paragraph 94 of the Complaint and otherwise refers the Court to FLSA § 207(e) as to its contents.

95.     The allegations set forth in Paragraph 95 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 95 of the Complaint and otherwise refers the Court to 29 C.F.R. § 778.211(c) and FLSA § 207(e) as to their contents.

96.     The allegations set forth in Paragraph 96 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 96 of the Complaint and otherwise refers the Court to 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230 as to their contents.

97.     The allegations set forth in Paragraph 97 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 97 of the Complaint.

98.     The allegations set forth in Paragraph 98 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 98 of the Complaint.

99.     The allegations set forth in Paragraph 99 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 99 of the Complaint.

100.     The allegations set forth in Paragraph 100 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegation set forth in Paragraph 100 of the Complaint.

**E.     As To "Failure To Pay Wages On Time"**

101.     Denies the allegations set forth in Paragraph 101 of the Complaint.

102.     Denies the allegations set forth in Paragraph 102 of the Complaint, except admits that Officers receive compensation for their non-overtime wages on their regularly scheduled bi-weekly payday.

103.     Denies the allegations set forth in Paragraph 103 of the Complaint.

104.     The allegations set forth in Paragraph 104 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 104 of the Complaint and otherwise refers the Court to the FLSA as to its contents.

105.     Denies the allegations set forth in Paragraph 105 of the Complaint and otherwise refers the Court to the document referred to in Paragraph 105 as to its contents.

106.     Denies the allegations set forth in Paragraph 106 of the Complaint and otherwise refers the Court to the document referred to in Paragraph 106 as to its contents.

107.     Denies the allegations set forth in Paragraph 107 of the Complaint and otherwise refers the Court to the document referred to in Paragraph 107 as to its content.

108.     Denies the allegations set forth in Paragraph 108 of the Complaint and otherwise refers the Court to the document referred to in Paragraph 108 as to its content.

109.     Denies the allegations set forth in Paragraph 109 of the Complaint.

110.     The allegations set forth in Paragraph 110 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 110 of the Complaint.

111.     The allegations set forth in Paragraph 111 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 111 of the Complaint.

**AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"**

112.    Denies the allegations set forth in Paragraph 112 of the Complaint, except admits that Plaintiffs purport to bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated persons who have been Officers during the "full statute of limitations period" (the "FLSA Collective").

113.    The allegations set forth in Paragraph 113 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 113 of the Complaint.

114.    The allegations set forth in Paragraph 114 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 114 of the Complaint.

115.    Denies the allegations set forth in Paragraph 115 of the Complaint.

116.    The allegations set forth in Paragraph 116 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 116 of the Complaint.

117.    Denies the allegations set forth in Paragraph 117 of the Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint.

119.    The allegations set forth in Paragraph 119 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 119 of the Complaint.

**AS TO "FIRST CLAIM FOR RELIEF
VIOLATIONS OF THE FLSA: OFF-THE-CLOCK WORK"**

120.    TBTA repeats and re-alleges each and every response set forth in all preceding

paragraphs of this Answer with the same force and effect as if fully set forth herein.

121.    The allegations set forth in Paragraph 121 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 121 of the Complaint, except admits that it currently employs Plaintiffs.

122.    The allegations set forth in Paragraph 122 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 122 of the Complaint, except admits that it currently employs Plaintiffs.

123.    The allegations set forth in Paragraph 123 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 123 of the Complaint.

124.    Denies the allegations set forth in Paragraph 124 of the Complaint.

125.    Denies the allegations set forth in Paragraph 125 of the Complaint.

126.    Denies the allegations set forth in Paragraph 126 of the Complaint.

127.    Denies the allegations set forth in Paragraph 127 of the Complaint.

128.    The allegations set forth in Paragraph 128 state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 128 of the Complaint.

129.    The allegations set forth in Paragraph 129 state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 129 of the Complaint.

130.    The allegations set forth in Paragraph 130 state legal conclusions to which no

response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 130 of the Complaint.

**AS TO "SECOND CLAIM FOR RELIEF<br>VIOLATIONS OF THE FLSA: SHAVING WORK TIME"**

131.    TBTA repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

132.    The allegations set forth in Paragraph 132 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 132 of the Complaint, except admits that it currently employs Plaintiffs.

133.    The allegations set forth in Paragraph 133 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 133 of the Complaint, except admits that it currently employs Plaintiffs.

134.    The allegations set forth in Paragraph 134 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 134 of the Complaint.

135.    Denies the allegations set forth in Paragraph 135 of the Complaint.

136.    Denies the allegations set forth in Paragraph 136 of the Complaint.

137.    Denies the allegations set forth in Paragraph 137 of the Complaint.

138.    Denies the allegations set forth in Paragraph 138 of the Complaint.

139.    Denies the allegations set forth in Paragraph 139 of the Complaint.

140.    Denies the allegations set forth in Paragraph 140 of the Complaint.

141.    Denies the allegations set forth in Paragraph 141 of the Complaint.

142.     The allegations set forth in Paragraph 142 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 142 of the Complaint.

143.     The allegations set forth in Paragraph 143 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 143 of the Complaint.

144.     The allegations set forth in Paragraph 144 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 144 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF
## VIOLATIONS OF THE FLSA: INCORRECT OVERTIME RATE"

145.     TBTA repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

146.     The allegations set forth in Paragraph 146 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 146 of the Complaint, except admits that it currently employs Plaintiffs.

147.     The allegations set forth in Paragraph 147 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 147 of the Complaint, except admits that it currently employs Plaintiffs.

148.     The allegations set forth in Paragraph 148 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 148 of the Complaint.

149.     The allegations set forth in Paragraph 149 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 149 of the Complaint and otherwise refers the Court to the FLSA for its contents.

150.     Denies the allegations set forth in Paragraph 150 of the Complaint.

151.     Denies the allegations set forth in Paragraph 151 of the Complaint.

152.     The allegations set forth in Paragraph 152 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 152 of the Complaint.

153.     The allegations set forth in Paragraph 153 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 153 of the Complaint.

154.     The allegations set forth in Paragraph 154 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 154 of the Complaint.

### AS TO "FOURTH CLAIM FOR RELIEF: VIOLATIONS OF THE FLSA: FAILURE TO TIMELY PAY WAGES"

155.     TBTA repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

156.     The allegations set forth in Paragraph 156 of the Complaint state legal conclusions to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 156 of the Complaint, except admits that it currently employs Plaintiffs.

157.     The allegations set forth in Paragraph 157 of the Complaint state legal conclusions

to which no response is required.  To the extent an answer is warranted, however, TBTA denies the allegations set forth in Paragraph 157 of the Complaint, except admits that it currently employs Plaintiffs.

158.    The allegations set forth in Paragraph 158 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA otherwise refers the Court to 29 C.F.R. § 778.106 as to its contents.

159.    Denies the allegations set forth in Paragraph 159 of the Complaint.

160.    Denies the allegations set forth in Paragraph 160 of the Complaint.

161.    The allegations set forth in Paragraph 161 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 161 of the Complaint.

162.    The allegations set forth in Paragraph 162 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 162 of the Complaint.

163.    The allegations set forth in Paragraph 163 of the Complaint state legal conclusions to which no response is required.  To the extent a response is warranted, however, TBTA denies the allegations set forth in Paragraph 163 of the Complaint.

## AS TO "THE PRAYER FOR RELIEF"

The paragraphs of the Complaint entitled "Wherefore" and their subsections (a) through (f) are prayers for relief as to which no response is required.

## GENERAL DENIAL

TBTA denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

In light of its collectively bargained obligations with the BTOBA, the TBTA does not exert exclusive control over the compensation, hours and other conditions of Plaintiffs and/or the putative members of the putative FLSA Collective.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to 29 U.S.C. §213(a) and/or 29 U.S.C. § 207(k).

### FOURTH DEFENSE

Subject to proof through discovery, some or all of the claims of Plaintiffs and/or the putative members of the putative FLSA Collective, the existence of which is expressly denied, are barred in whole or in part, by the applicable statute(s) of limitations.

### FIFTH DEFENSE

The types of claims alleged by Plaintiffs and/or the putative members of the putative FLSA Collective, the existence of which is expressly denied, are not appropriate for collective treatment pursuant to Section 216(b) of the FLSA.

### SIXTH DEFENSE

TBTA did not willfully and with intent deprive Plaintiffs and/or the putative members of the putative FLSA Collective, the existence of which is expressly denied, of any compensation owed to them under the provisions of the FLSA.

## SEVENTH DEFENSE

If TBTA is found to have failed to pay Plaintiffs and/or putative members of the putative FLSA Collective any amount due, which allegations TBTA denies, TBTA acted at all times on the basis of a good faith and reasonable belief that they had complied fully with the FLSA wage and hour laws, to the extent applicable, and have not engaged in any willful violations.

## EIGHTH DEFENSE

Plaintiffs' claims and those of the putative members of the putative FLSA Collective, the existence of which is expressly denied, are barred by the doctrine of laches, unclean hands, waiver and/or estoppel.

## NINTH DEFENSE

Subject to proof through discovery, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment to the extent Plaintiffs have been overpaid for time worked or paid for time not worked.

## TENTH DEFENSE

TBTA is entitled to a credit/set-off for any compensation paid to Plaintiffs and/or the putative members of the putative FLSA Collective, the existence of which is expressly denied, to which they were not otherwise entitled to the extent such credits/set-offs are permissible under the FLSA, including but not limited to 29 U.S.C. §§ 207(e)(5)-(7).

## ELEVENTH DEFENSE

Plaintiffs' claim for damages is barred by accord and satisfaction in that Plaintiffs have already received full payment of all monies due.

## TWELFTH DEFENSE

Plaintiffs' demand, on behalf of themselves and the putative FLSA Collective, the existence of which is expressly denied, for liquidated damages renders this action inappropriate

for treatment as a collective action, and award of such damages on an aggregate basis would deny TBTA due process.

## <u>THIRTEENTH DEFENSE</u>

TBTA respectfully reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

WHEREFORE, TBTA respectfully requests that this Court (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award TBTA its reasonable attorneys' fees and legal expenses; (d) award TBTA its costs and disbursements incurred in defense of this action; and (e) award TBTA any other relief the Court deems just and proper.

Dated: New York, New York
July 16, 2021

PROSKAUER ROSE, LLP

/s/ *Steven D. Hurd*

Steven D. Hurd
Joshua S. Fox
P. Kramer Rice
Eleven Times Square
New York, New York 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
shurd@proskauer.com
jfox@proskauer.com
krice@proskauer.com

*Attorneys for Defendant*
*Triborough Bridge and Tunnel Authority*