```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/15/2023
```

JEFFREY MERCADO, TYRONE PRINGLE,
ADAM ROMAN, KEVIN KNOIS, and EDWARD
KALANZ, on behalf of themselves and others
similarly situated,

                       Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION
AUTHORITY and TRIBOROUGH BRIDGE AND
TUNNEL AUTHORITY,

                       Defendants.

20 Civ. 6533 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs Jeffrey Mercado, Tyrone Pringle, Adam Roman, Kevin Knois, and Edward Kalanz, on behalf of themselves and others similarly situated, bring this action against Defendants Metropolitan Transportation Authority (the "MTA") and Triborough Bridge and Tunnel Authority (the "TBTA"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to properly and timely pay overtime wages. *See generally* ECF No. 1. On June 24, 2021, the Court granted Plaintiffs' request to conditionally certify the matter as a collective action. ECF No. 93.[1] Having reached a settlement (the "Settlement"), ECF No. 125-2, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 125. For the reasons stated below, the motion is DENIED without prejudice to renewal.

### DISCUSSION

**I.    Legal Standard**

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

---

[1] Besides the named Plaintiffs, there are 456 opt-in Plaintiffs in this matter. ECF Nos. 7, 11–13, 19–20, 23, 25–30, 34, 37, 41–45, 47–50, 52–54, 60, 64–67, 70, 73, 76, 84, 86, 90, 101–03, 107–08, 112, 125-2 at 1.

efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving

attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The parties acknowledge that any litigation would probably have been protracted, likely ending in a trial, and that "both parties would face significant expense and risk by continuing to litigate." Letter at 7. Plaintiffs' counsel states that "this Settlement reflects a substantial portion of the maximum possible recovery that Plaintiffs would obtain if they litigated this matter through summary judgment and/or trial and is an overwhelmingly positive result for Plaintiffs." *Id.* at 6; *see also Aguirre v. Torino Pizza, Inc.*, No. 18 Civ. 2004, 2019 WL 126059, at *3 (S.D.N.Y. Jan. 8, 2019). Further, the parties note the "additional expense, including formal expert discovery, motion practice, and trial preparation" they face if this case proceeds. Letter at 7. In addition, the parties indicate that the Settlement was the product of "arms-length settlement negotiations." Settlement at 2; *see* Letter at 7–8. Plaintiffs were represented by experienced counsel throughout the negotiations, Letter at 7–9, and the parties state that "[t]here [i]s [n]o [p]ossibility of [f]raud or [c]ollusion" in the negotiation of the Settlement, *id.* at 7 (emphases omitted).

However, the parties do not provide any documentation to support their assertions concerning Plaintiffs' ranges of possible recovery and the reasonableness of the Settlement. *See, e.g.*, *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017); *Corea v. Café Spice {GCT}, Inc.*, No. 18 Civ. 10354, 2020 WL 13561280, at *3 (S.D.N.Y. Mar. 5, 2020). The Settlement provides Plaintiffs with a recovery of $7,250,000, including claimed attorney's fees and costs, service payments to the Named Plaintiffs, and the claims administrator fees and costs. Settlement ¶ 1(l). The

parties argue that this amount represents 100% of Plaintiffs' backpay damages of $5,397,590.80, and an additional 20% recovery of liquidated damages related to the late payment of overtime wages claim amounts ($9,501,344.54). Letter at 6. Plaintiffs estimate that their damages for all claims amount to $14,898,935.34, meaning that the proposed settlement offer is roughly 49% of the possible recovery under Plaintiff's best-case scenario for cumulative damages. *Id.* at 6 n.7. Plaintiffs' counsel describes in a declaration the methods the parties used to compute maximum recoveries for class members, but the parties' submission does not include any records or other evidence. *See, e.g.*, ECF No. 125-1 ¶¶ 13–15, 30 (describing methods used by parties to compute maximum recoveries for class members); *id.* ¶ 29; Settlement at 23–33; *see also Corea*, 2020 WL 13561280, at *3 (finding a settlement agreement reasonable after reviewing data concerning the parties' settlement and maximum damages amounts). The Court, therefore, cannot find that the factors outlined in *Wolinsky* are met.

In addition, the Settlement contains a liability release. Settlement ¶ 1(w). The Settlement is overbroad because it releases from liability numerous entities beyond Defendants, including

> any of [Defendants'] past or present affiliates or subsidiaries now or as they and/or their successors may be constituted in the future, including but not limited to, MTA New York City Transit, MTA Bus Company, the Manhattan and Bronx Surface Transit Operating Authority, Metro-North Commuter Railroad Company, Long Island Rail Road, Metropolitan Suburban Bus Authority (Long Island Bus), Staten Island Rapid Transit Operating Authority, MTA Construction & Development, and Grand Central Madison Concourse, its or their past or present officers, officials, directors, employees, managers, supervisors, representatives, attorneys, and agents, and its or their heirs, predecessors, successors and/or assigns.

*Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). The release is also overbroad as to Plaintiffs, binding individuals who are not part of this lawsuit. Settlement ¶ 13(a) (releasing "all Named Plaintiffs who sign the [Settlement] and Opt-In Plaintiffs who redeem [s]ettlement [c]hecks pursuant to this [Settlement], on behalf of their of their respective current, former, and future heirs, family members, spouses,

4

executors, administrators, trustees, agents, assigns and legal representatives, and each of their respective agents, representatives and attorneys"). Although the release clause is limited to

> any and all FLSA [w]age and [h]our [c]laims (as defined in [§] 1(k)), and any and all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs that were asserted or could have been asserted under the FLSA in this [l]itigation, whether known or unknown, suspected and/or unsuspected, concerning, relating to and/or otherwise arising out of the time Plaintiff was employed as an [o]fficer for the [TBTA] during the [r]elevant [t]ime [p]eriod[,]

*id.*; *see also id.* ¶ 13(b), "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted). The parties provide no support for their assertion that "[t]he scope of the release . . . is appropriately tailored given the corporate relationship among Defendants and the identified subsidiaries and affiliates." Letter at 8. And, Plaintiffs are afforded no release from liability whatsoever. *See generally* Settlement. The Court cannot conclude that the Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Settlement.

Turning to attorney's fees and costs, Plaintiffs' counsel seeks a fee of one-third of the settlement proceeds, in the amount of $2,416,666.67 in fees, and $82,402.90 in costs. Letter at 9, 12–13. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the

5

reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel at Faruqi & Faruqi, LLP submitted contemporaneous time records that document their work on this matter. Letter at 9–13; *see* ECF Nos. 125-1, 125-5, 125-12. Plaintiffs' counsel seeks fees for the following individuals:

- Innessa M. Huot, Joshua A. Beldner, and Eric S. Tilton, partners who billed approximately 1,509.9, 305.8, and 197 hours, respectively, at a rate of $550 per hour, ECF No. 125-1 ¶ 64;
- Alex J. Hartzband, a partner who billed 228 hours at a rate of $500 per hour, *id.*;
- Camilo Burr and Taylor Crabill, associates who billed 474.2 and 35.1 hours, respectively, at a rate of $400 per hour, *id.*;
- Patrick J. Collopy, an associate who billed 54.9 hours at a rate of $375 per hour, *id.*;
- Annabel Stanley and Jelena Petrovic, associates who billed 66.8 and 2.3 hours at a rate of $350 per hour, *id.*;
- Anthony J. Aloise, Christian Carrano, Derek Behnke, and Matthew Gonzales, support staff who billed 197.6, 74, 39.9, 15, and 6.8 hours, respectively, at a rate of $175 per hour, *id.*; and
- Amanda Householder, a paralegal who billed 6.8 hours at a rate of $150 per hour, *id.*

The Court finds these rates reasonable. *See Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2 (S.D.N.Y. Dec. 9, 2021); *Ramirez v. Da Marcella 51 Inc.*, No. 14 Civ. 8532, 2017 WL 11568479, at *2 (S.D.N.Y. Feb. 3, 2017). Plaintiffs' counsel's rates are on the higher end, but a reduction is not warranted given the risk of taking on a contingency fee case, the complexity of this matter, and the substantial success obtained in this action. *See, e.g.*, *Wen Bin Gao v. Lucky Brother Inc.*, No. 17 Civ. 8159, 2020 WL 8838035, at *2 (S.D.N.Y. June 9, 2020); *see also Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438–39 (S.D.N.Y. 2014) ("The fact that counsel here worked on contingency clearly entitles them to some premium for the risk incurred."); Letter at 10 ("Plaintiffs' counsel was in fact retained on a purely contingency fee

basis[.]"), 11.  The lodestar of $1,527,635.00, compared to the requested $2,416,666.67 (excluding costs) results in a multiplier of approximately 1.59.  "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Sakiko Fujiwara*, 58 F. Supp. 3d at 439.  On this basis, the Court accepts the multiplier of 1.59, and determines attorney's fees to be reasonable under the circumstances, particularly given that it amounts to a third of the total settlement award.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases).

Plaintiffs' counsel reference calculations of their actual costs as $82,402.90, Letter at 13 n.8, ECF No. 125-1 ¶ 81, but have not submitted any documentation in support of their request.  Thus, the Court cannot conclude that these costs are reasonable.  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020); *Dolores v. Titan Constr. Servs. LLC*, No. 19 Civ. 11056, 2021 WL 601655, at *2 (S.D.N.Y. Jan. 22, 2021).

As noted above, the Court conditionally certified the matter as a collective action.  ECF No. 93.  Plaintiffs' counsel states that the firm "interview[ed] every single one of the 456 [o]fficers, who joined the case as opt-in plaintiffs, to assess whether they were similarly situated to the Named Plaintiffs and whether they were similarly situated to the same violations Named Plaintiffs have raised."  ECF No. 125-1 ¶ 13 (emphasis and footnote omitted).  To date, neither party has moved for final certification.  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  Should the parties submit a revised letter and settlement agreement as instructed below, the parties shall provide authority for their request that the Court approve a settlement agreement where there has only been conditional certification.  *See, e.g.*, *Marichal v. Attending Home Care Servs., LLC*, 432 F. Supp. 3d 271, 280–81 (E.D.N.Y. 2020).  The parties shall also address whether that has any impact on the parties' request for service awards to Named Plaintiffs, *see* Letter at 13–15, and claims administrator fees and costs, *id.* at 10.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **May 30, 2023**, the parties are directed to file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: May 15, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge