UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY MERCADO, TYRONE PRINGLE,
ADAM ROMAN, KEVIN KNOIS, and EDWARD
KALANZ, on behalf of themselves and others
similarly situated,

                                    Plaintiffs,

                 -against-

METROPOLITAN TRANSPORTATION
AUTHORITY and TRIBOROUGH BRIDGE AND
TUNNEL AUTHORITY,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/5/2023__

20 Civ. 6533 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Jeffrey Mercado, Tyrone Pringle, Adam Roman, Kevin Knois, and Edward

Kalanz, on behalf of themselves and others similarly situated, bring this action against Defendants

Metropolitan Transportation Authority (the "MTA") and Triborough Bridge and Tunnel Authority

(the "TBTA"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*, for failure to properly and timely pay overtime wages. *See generally* ECF No. 1. On June 24,

2021, the Court granted Plaintiffs' request to conditionally certify the matter as a collective action.

ECF No. 93.[1]  After reaching a settlement, ECF No. 125-2, the parties sought the Court's approval

of their proposed settlement agreement. *See* Letter, ECF No. 125.  On May 15, 2023, the Court

denied the parties' motion without prejudice to renewal (the "Order").  ECF No. 128.  Before the

Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 133-2, and

the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 133.  For the

reasons stated below, the motion is GRANTED.

---

[1] Besides the named Plaintiffs, there are 456 opt-in Plaintiffs in this matter.  ECF Nos. 7, 11–13, 19–20, 23, 25–30, 34, 37,
41–45, 47–50, 52–54, 60, 64–67, 70, 73, 76, 84, 86, 90, 101–03, 107–08, 112, 125-2 at 1.

**DISCUSSION**

I.     Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers."  29 U.S.C. § 202(a)–(b).  Significantly,

"[r]ecognizing that there are often great inequalities in bargaining power between employers and

employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to

negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex*

*rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*,

324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of

unfair wages without approval of the settlement from the United States Department of Labor or a

district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as

here, the parties seek approval from the district court, they must establish that the settlement is "fair

and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1

(S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable,

courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will
> enable the parties to avoid anticipated burdens and expenses in establishing their
> respective claims and defenses"; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether "the settlement agreement is the product of arm's-length bargaining
> between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL

3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that

contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v.*

*Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at \*5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.    Analysis

The parties provide excerpts of the documentation used to support the methods employed to compute maximum recoveries for class members. ECF Nos. 133-3–133-4; Revised Letter at 4–6; *see also* ECF No. 133-5 (damages model). In the Revised Letter, the parties explain that they are doing so because "[t]he complete records are over 75,000 pages and [it] would not be feasible to attach [them] as exhibits to this filing." Revised Letter at 4 n.7; *see also* ECF No. 133-1 ¶ 35. After review of the record excerpts, the docket, and the Revised Settlement, the Court finds that counsel's representation is credible and that the settlement amounts for class members are fair and reasonable. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015).

Having satisfied that factor and the other *Wolinsky* factors, *see generally* Revised Letter, Revised Settlement, *see also* Order at 3, the Court concludes that the Revised Settlement meets each of the *Wolinsky* factors.[2]

---

[2] Consistent with the Revised Settlement, the Court shall retain jurisdiction for purposes of enforcing the settlement agreement for one year. Revised Settlement ¶ 23.

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 4–5. The Revised Settlement significantly narrows the scope of the release clause. The release clause now applies to Defendants instead of numerous entities beyond Defendants. Revised Settlement ¶ 1(w); *see also* Revised Letter at 9. The release is also limited to Named Plaintiffs who sign the settlement and opt-in Plaintiffs. Revised Settlement ¶ 13(a). And, the release is mutual. Revised Settlement ¶ 8; *see also* Revised Letter at 9. Accordingly, the Court determines that the release clause of the Revised Settlement is fair and reasonable. *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citing approval of release clauses that are "limited to the claims at issue in this action"); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement).

The Court previously found that the attorney's fees sought in this action are reasonable, Order at 5–7, but it denied Plaintiffs' counsel's request for costs for lack of evidentiary support, *id.* at 7. Plaintiffs' counsel has since provided the requisite documentation. Revised Letter at 15–16; ECF No. 133-9; *see also* ECF No. 133-1 ¶¶ 91–93. The Court finds the requested costs of $82,402.90, which are supported by documentation, to be reasonable. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020).

Relatedly, Plaintiffs request that the Court "grant service awards of $12,500 to Mercado and $10,000 to each of the remaining four Named Plaintiffs." Revised Letter at 16.[3] Plaintiffs incurred

---

[3] Plaintiffs "request that the Court grant final certification of the collective action for settlement purposes," Revised Letter at 10, and note that they do so "out of an abundance of caution[] in the event that the Court requires [the] same as a prerequisite for approval of the [Revised] Settlement," *id.* at 11. *See also* Order at 7. The Court determines that, based on the record and caselaw from this District, final certification is not necessary to approve the Revised Settlement. *See* Revised Letter at 10–11; *Feliciano v. MTA*, No. 18 Civ. 26, 2020 WL 8991784, at *2 (S.D.N.Y. May 6, 2020). Even if it were necessary, the Court would reach the same result and approve the settlement. Here, "456 opt-in Plaintiffs affirmatively executed a consent document that provides explicit authorization for the Named Plaintiffs to settle these specific FLSA wage and hour claims on their behalf," Revised Letter at 10 (emphasis omitted); "Plaintiffs' counsel has communicated the details of the [Revised] Settlement to each of the opt-in Plaintiffs," *id.*; and "there are no absent class members that are potentially 'unknowingly' releasing any claims," *id.* at 11 (emphasis omitted).

4

significant personal risks by bringing this action, expended substantial time and effort assisting the

prosecution of the litigation, and vindicated their statutory rights under the FLSA.  *See id.* at 17–18;

*see also Parker v. Jekyll & Hyde Enter. Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at

*1–2 (S.D.N.Y. Feb. 9, 2010).  The Court finds that these service awards are reasonable.  *Feliciano*,

2020 WL 8991784, at *2; *see also Diaz v. Scores Holding Co.*, No. 07 Civ. 8718, 2011 WL 6399468,

at *2 (S.D.N.Y. July 11, 2011).

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, the parties' motion for settlement approval is GRANTED.  The

Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the

case.

SO ORDERED.

Dated: July 5, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge